[No. C003134. Third Dist. Jan. 26, 1990.]

THERON LEWIS, Plaintiff and Appellant, v.
COUNTY OF SACRAMENTO et al., Defendants and Respondents.

COUNSEL

Morton L. Friedman, R. Parker White, Barry Zimmerman, Allan J. Owen, and Friedman, Collard & Poswall for Plaintiff and Appellant.

Roland R. Stevens, Cynthia Shambaugh, Stephen C. Kenney, Fisher & Hurst, David E. Davies, Davies & Sharpe, Rodney Shepherd, Belli, Drivon & Bakerink, William L. Robinson, Lesley B. Harris and Lillick, McHose & Charles for Defendants and Respondents.

## OPINION

**EVANS, Acting P. J.**—Plaintiff Theron Lewis appeals from summary judgments in favor of defendants County of Sacramento, Ronald Jarboe, and Big Valley Aviation, Inc. The issue is whether plaintiff is collaterally estopped from pursuing this state court action because of a related federal court action in which plaintiff was not a formal party. We think plaintiff is collaterally estopped and affirm the judgments.

### FACTS

On September 13, 1982, plaintiff, a Federal Aviation Administration safety inspector, was administering a helicopter test flight to Sacramento County Deputy Sheriff Ronald Jarboe to qualify Officer Jarboe as a certified flight instructor. During the test flight, plaintiff retarded the helicopter's throttle to simulate an engine failure. Following this maneuver, the helicopter crashed, seriously injuring both plaintiff and Jarboe.

On March 7, 1983, plaintiff filed this action against the County of Sacramento (County), the Sacramento County Sheriff's Department, Officer Jarboe, Big Valley Aviation, Inc. (Big Valley), Hughes Helicopters (Hughes), and Avco-Lycoming (Avco). While plaintiff's state court action was pending, Jarboe filed a federal court action against the United States, Big Valley, Hughes, and Avco. In the federal action, County intervened as a plaintiff against the United States and sought recovery for worker's compensation benefits paid to Jarboe and for property damage to the County's helicopter. Jarboe dismissed his federal claims against Avco and Big Valley and settled with Hughes and the United States. The federal action proceeded to trial with simply County as plaintiff and the United States as defendant.

The federal suit encompassed a three-week bench trial. Extensive findings of fact and conclusions of law were made. The federal court concluded that the helicopter crash was caused solely by the negligence of plaintiff in conducting the simulated engine failure maneuver. The federal court also determined that plaintiff was acting within the course and scope of his employment at the time of the maneuver and crash. County was awarded $468,378.70 in damages.

## DISCUSSION

■ Summary judgment is an appropriate remedy when the principle of collateral estoppel refutes all triable issues of fact suggested by the pleadings and supporting documents. (*Sartor* v. *Superior Court* (1982) 136 Cal.App.3d 322, 327 [187 Cal.Rptr. 247].)

■ "[A] party will be collaterally estopped from relitigating an issue only if (1) the issue decided in a prior adjudication is identical with that presented in the action in question; *and* (2) there was a final judgment on the merits; *and* (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication." (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098], italics in original; see also *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].) Plaintiff concedes that factors (1) and (2) are present and that the question then becomes whether he was in privity with the United States, his employer, in the federal action.

■ As noted in *Clemmer,* "[t]he concept [of privity] has . . . been expanded to refer . . . to such an identification in interest of one person with another as to represent the same legal rights [citations] and, more recently, to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel [citations]." (22 Cal.3d at

p. 875.) ■ The ultimate issue in this action and in the federal action was the cause of the helicopter crash. The only theory asserted against the United States in the federal suit was its vicarious liability under the doctrine of respondeat superior for the acts of its employee, plaintiff. The United States vigorously disputed this liability. Plaintiff testified extensively on behalf of the United States in the federal suit. Under these circumstances, there is an "identification in interest" of the United States with plaintiff "as to represent the same legal rights;" a fortiori, the relationship between the two is "sufficiently close" to justify the collateral estoppel of plaintiff. (*Clemmer, supra*, 22 Cal.3d at p. 875.)

■ Notwithstanding expanded notions of privity, however, collateral estoppel may be applied only if due process requirements are met. (*Clemmer, supra*, 22 Cal.3d at p. 875; *Lynch* v. *Glass* (1975) 44 Cal.App.3d 943, 948 [119 Cal.Rptr. 139].) "In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication." (*Clemmer, supra*, 22 Cal.3d at p. 875, citing *Lynch* v. *Glass, supra*, 44 Cal.App.3d at p. 948.) The "reasonable expectation" requirement is satisfied if the party to be estopped had a proprietary interest in and control of the prior action, or if the unsuccessful party in the first action might fairly be treated as acting in a representative capacity for the party to be estopped. (*Lynch* v. *Glass, supra*, at pp. 948-949; *Courtney* v. *Waring* (1987) 191 Cal.App.3d 1434, 1445 [237 Cal.Rptr. 233].) Furthermore, due process requires that the party to be estopped must have had a fair opportunity to pursue his claim the first time. (*Mueller* v. *J.C. Penney Co.* (1985) 173 Cal.App.3d 713, 720 [219 Cal.Rptr. 272].)

■ The identity of interest between the United States and plaintiff— based on respondeat superior—has been noted. As for adequate representation, the United States vigorously disputed Lewis's liability by engaging in a lengthy trial, asserting a number of human and mechanical failures as the cause of the crash, and buttressing those assertions with at least three expert witnesses costing tens of thousands of dollars. One of those experts presented a computer-simulated reconstruction of the crash; the others were deployed on specific issues such as the helicopter's oil consumption, fuel line integrity, and maintenance record. The United States had plaintiff testify extensively as to why the crash occurred. On these facts, we think the United States adequately represented plaintiff's interest for collateral estoppel purposes.

As to whether plaintiff should reasonably have expected to be bound by the federal decision, it is true plaintiff did not control the federal suit. But

the United States can fairly be treated as acting in a representative capacity for plaintiff given their identity of interest and the United States's actions in furthering that interest. Moreover, the ultimate issue in both the federal action and the state action was the cause of the crash. By agreement of the parties to the state and federal actions, much of the discovery was informally consolidated. Plaintiff's counsel participated in at least two critical depositions for the federal action, with all parties stipulating the depositions could be used in either action.

Finally, plaintiff had a fair opportunity to pursue his claim the first time. Plaintiff notes he was not named as a party in the federal action. But plaintiff knew of the federal action from its inception and participated in its discovery.

Federal Rules of Civil Procedure, rule 24(a)(2) (Rule 24) (28 U.S.C.), provides: "Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Under the facts discussed above, plaintiff would have been entitled to intervene under Rule 24. In fact, plaintiff would have met the more stringent test set forth in the preamended Rule 24 which entitled an applicant to intervene only if he might be bound in the res judicata sense. (*Sam Fox Publishing Co.* v. *U.S.* (1961) 366 U.S. 683 [6 L.Ed.2d 604, 81 S.Ct. 1309]; 7C Wright, Miller & Kane, Federal Practice and Procedure (1986) § 1908, p. 301, fn. 58; § 1909, p. 316.)

■ The "adequate representation" exception posed no problem to plaintiff's right to intervene. In this type of case, adequate representation in the collateral estoppel sense cannot be equated with adequate representation to preclude intervention of right under Rule 24. (Cf. *Courtney* v. *Waring, supra,* 191 Cal.App.3d at pp. 1446-1448; *Trbovich* v. *Mine Workers* (1972) 404 U.S. 528, 538, fn. 10 [30 L.Ed.2d 686, 694, 92 S.Ct. 630].) Here it would be unfair to hold that adequate representation *both* forecloses plaintiff from intervening in a suit *and* binds plaintiff to the judgment obtained in that suit; in short, it would be unfair to hold that the very thing which keeps an injured individual out of a suit is the very thing which effectively keeps him in it. As noted in *Trbovich*: "The [adequate representation] requirement of [Rule 24 (a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (404 U.S. at p. 538, fn. 10 [30 L.Ed.2d at p. 694].)

Nor do we agree with plaintiff that he would have been denied a jury trial had he intervened in the federal court action. Even assuming this consider-

ation is a proper one (see *Blonder-Tongue* v. *University Foundation* (1971) 402 U.S. 313, 333 [28 L.Ed.2d 788, 802, 91 S.Ct. 1434]; *Mueller* v. *J.C. Penney Co., supra*, 173 Cal.App.3d at p. 720; *Bernhard* v. *Bank of America, supra*, 19 Cal.2d at p. 810), federal actions involving both the United States under the Federal Tort Claims Act (28 U.S.C. § 1346(b)) and an individual can be tried to a judge (for claims against the United States) and to a jury (for claims against the individual). (*United States* v. *Yellow Cab Co.* (1951) 340 U.S. 543, 555-556 [95 L.Ed. 523, 532-533, 71 S.Ct. 399].)

Plaintiff had a full and fair opportunity to litigate the cause of the helicopter crash in the federal tribunal. We cannot help but wonder what plaintiff's position on collateral estoppel would be had the federal court determined that Officer Jarboe or the County was solely responsible for the crash.

The judgments are affirmed.

Marler, J., and Scotland, J., concurred.