Opinion
 

 VOGEL (C. S.), P. J.
 

 Petitioner Truck Insurance Exchange (Truck), an insurer of RCS Equities, Inc. (RCS), filed this proceeding to challenge the denial of its motion to intervene in this action for rescission filed by real parties in interest, Transco Syndicate # 1 (Transco) and Alpine Insurance Company (Alpine), two other insurers of RCS, on the ground that it has a direct interest in the outcome of the present matter.
 

 Factual and Procedural Background
 

 RCS is a roofing contractor, incorporated under the laws of the State of California. Policies of general comprehensive liability insurance were issued to RCS by Truck, Transco, and Alpine for the successive policy periods of August 24, 1987, to August 24, 1988, October 1, 1991, to October 1, 1992, and October 1, 1992, to October 1, 1993, respectively. On August 1, 1994, the Franchise Tax Board suspended RCS pursuant to Revenue and Taxation Code section 23301 for failing to file tax returns for 1992, 1993, and 1994. RCS has not been revived and has not made a general appearance in this matter.
 

 
 *345
 
 During a time frame coinciding with the periods of coverage provided by the policies issued by Truck, Transco, and Alpine, a number of actions were filed against RCS alleging that it installed defective roofing resulting in damages to third persons. These claims were tendered to Truck and it accepted the defense of them, asserting a reservation of rights.
 

 On January 28,1993, Transco and Alpine filed the present action, alleging fraudulent misrepresentation and seeking to rescind their policies of insurance. Initially, only Far West Roofing Corporation (FWRC) was named as a defendant, even though RCS is the named insured on the policies issued by the real parties in interest. FWRC was served and failed to appear resulting in the entry of a default judgment against both FWRC and RCS on April 19, 1995.
 

 On September 24, 1996, RCS made a special appearance and moved to amend the judgment to delete any reference to RCS on the ground it had not been served with the summons and complaint and had not appeared. On October 29, 1996, the trial court granted the motion and amended the judgment deleting any reference to RCS. By leave of court, Transco and Alpine were allowed to file a second amended complaint adding RCS as a defendant. RCS was served pursuant to Corporations Code section 1702 on May 23, 1997.
 

 In January 1997, Truck and another insurer filed an action for declaratory relief against Transco and Alpine in the Orange County Superior Court for a determination that Transco and Alpine are obligated to contribute to the costs of defense and/or indemnification of RCS in the underlying third party construction defect cases. Transco and Alpine have answered alleging, among other things, rescission.
 

 On May 22, 1997, Truck filed a motion for leave to intervene “on behalf’ of RCS. The motion was opposed and on June 20, 1997, it was denied. Truck petitioned this court for a writ of mandate to order the trial court to vacate its order of denial and to grant its motion to intervene.
 

 Issues
 

 To determine if the trial court abused its discretion under the applicable standard of review, we must resolve the following issues: (1) does Truck have a sufficiently direct interest in Transco’s and Alpine’s action to judicially rescind the insurance policies issued to RCS to justify intervention, and (2) does the suspension of RCS’s corporate powers preclude Truck’s intervention in any event.
 

 
 *346
 
 Discussion
 

 Under Code of Civil Procedure section 387, subdivision (a), “Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding.” “If proper procedures are followed [citation], the court has
 
 discretion
 
 to permit a nonparty to intervene in litigation pending between others, provided: [*][] The nonparty has a
 
 direct and immediate interest
 
 in the litigation; and [f] The intervention will
 
 not enlarge
 
 the issues in the case; and [^Q The reasons for intervention outweigh any opposition by the existing parties. [Citations.]” (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) 12:414, p. 2-55 rev. # 1, 1996, original italics.)
 

 Truck’s Direct Interest
 

 It is undisputed that Truck, Transco, and Alpine all issued general comprehensive liability policies of insurance to RCS, albeit for different policy periods. Accordingly, they all have a potential right to equitable contribution from each other. Where insurers provide the same level of coverage for the same risk, they may settle or defend the claim against their common insured and then seek reimbursement from the nonparticipating insurers. “Where, as here, [three] insurance companies insure the same risk and one company pays the loss .... it may seek contribution from the other[s].”
 
 (Fire Ins. Exchange
 
 v.
 
 American States Ins. Co.
 
 (1995) 39 Cal.App.4th 653, 660 [46 Cal.Rptr.2d 135].)
 

 Truck has provisionally accepted the defense of RCS in the defective construction claim disputes. At some point, it may have the right to assert claims for contribution from Transco and Alpine for the cost of defending and/or indemnifying RCS, but that eventuality has not occurred because the underlying claims have not been resolved. However, Transco’s and Alpine’s present action for rescission of the policies issued to RCS threatens to bar any claim Truck may have for equitable contribution in the future. The threat is substantial since RCS is a suspended corporation and is prohibited from appearing to defend against the rescission action. In such circumstances, the outcome of the present action will have a direct and substantial effect on Truck’s right to seek equitable contribution, even though such right may not have ripened.
 

 In
 
 Fireman’s Fund Ins. Co.
 
 v.
 
 Gerlach
 
 (1976) 56 Cal.App.3d 299 [128 Cal.Rptr. 396], Affiliated Vendors sold vending machines to Gerlach who stored them on premises insured by Fireman’s Fund. A fire broke out in
 
 *347
 
 Gerlach’s building, destroying and damaging vending machines for which Gerlach had not paid Affiliated. Gerlach made a claim against Fireman’s for loss, which was denied on the ground that Gerlach had himself started the fire. Fireman’s filed an action for a judicial declaration that it was not liable for any part of the loss. Although served with the summons and complaint, Gerlach failed to appear and his default was taken.
 

 In a separate action, Affiliated filed an action against Gerlach for the destroyed and damaged vending machines and obtained a judgment for $84,998. However, Gerlach was judgment proof and the only potential source from which to satisfy the judgment was the Fireman’s Fund policy. Consequently, Affiliated applied to intervene in the action filed by Fireman’s. The obvious purpose for Affiliated to seek intervention was to put Fireman’s to its proof, anticipating that it could satisfy its judgment from the proceeds of the policy if such proof failed.
 

 The trial court concluded that Affiliated had only “ ‘consequential interest, rather than a direct interest, in the pending lawsuit’ ” and denied the application for intervention.
 
 (Fireman’s Fund Ins. Co.
 
 v.
 
 Gerlach, supra,
 
 56 Cal.App.3d at p. 302.) The Court of Appeal reversed explaining, “While ordinarily a debtor who has a claim for money against another in a pending action may be expected to make reasonable efforts to enforce his claim, here Gerlach has defaulted. And while ordinarily intervention by a party’s creditor would frustrate the original parties’ purpose to ‘conduct their lawsuit on their own terms,’ here Affiliated Vendors seeks only to prevent Fireman’s Fund from obtaining cancellation of the insurance policy on its own unilateral terms.”
 
 (Id.
 
 at p. 303.) Here the situation is substantially similar.
 

 All Truck wants to do is prevent the default of its disabled insured from allowing Transco and Alpine to obtain the cancellation of their policies on their own terms. Since RCS has defaulted, Truck’s right to ultimately pursue equitable contribution ought not to vanish simply because of the disability (suspension of corporate status due to failure to file state tax returns) preventing a defense by RCS.
 

 Insurers have no control over the solvency or corporate viability of their insureds. It would be wholly capricious if some insurers could avoid liability for contribution by exploiting the corporate suspension of an insured by way of an action for rescission, leaving other insurers to bear the loss, but barred from recovering equitable contribution from insurers who have obtained default judgments rescinding their policies. This is not to say Transco and Alpine may not obtain judicial validation of their purported rescissions, but there is no reason why they should not be put to their proof and otherwise demonstrate the merit of their claims.
 

 
 *348
 
 If Truck is not allowed to intervene, it would ultimately be confronted with default judgments of rescission in any action for equitable contribution. Such judgments would bar Truck from pursuing equitable contribution from Transco and Alpine,
 
 (Barrera
 
 v.
 
 State Farm Mut. Automobile Ins. Co.
 
 (1969) 71 Cal.2d 659, 665-666, fn. 4 [79 Cal.Rptr. 106, 456 P.2d 674] [“Thus, under the present interpretation of the Insurance Code, an insurer may rescind the contract of insurance
 
 ab initio
 
 for a material misrepresentation . . . .”];
 
 Imperial Casualty & Indemnity Co.
 
 v.
 
 Sogomonian
 
 (1988) 198 Cal.App.3d 169, 182 [243 Cal.Rptr. 639] [“Thus, a rescission effectively renders the policy totally unenforceable from the outset so that there was never any coverage and no benefits are payable.”].)
 

 Although distinguishable on its facts,
 
 Lewis
 
 v.
 
 County of Sacramento
 
 (1990) 218 Cal.App.3d 214 [266 Cal.Rptr. 678] is instructive. There, plaintiff, Theron Lewis, a Federal Aviation Administration safety inspector, and Ronald Jarboe were injured in a helicopter crash. Lewis filed an action against Jarboe, the Sacramento County Sheriff’s Department, Big Valley Aviation, Inc., and other third parties in the Sacramento Superior Court. Jarboe filed a separate federal action against the United States, Big Valley, Hughes Helicopters, and Avco-Lycoming. Sacramento County intervened in the federal action. Jarboe settled with Hughes and the United States, and the federal case proceeded to trial with the county as plaintiff and the United States as defendant. The federal court concluded that the crash was caused by the sole negligence of Lewis and awarded judgment in favor of the county.
 

 In the state court proceeding the defendants obtained summary judgment against Lewis on the ground that he was collaterally estopped by the judgment in the federal action even though he was not a party. The judgment was affirmed on the ground that Lewis was in privity with the United States because he was acting in the course and scope of his employment at the time of the crash. Moreover, the Court of Appeal observed that Lewis “knew of the federal action from its inception and participated in its discovery” and could have litigated his claim by intervening in that action.
 
 (Lewis
 
 v.
 
 County of Sacramento, supra, 218
 
 Cal.App.3d at p. 219.) No doubt, Truck is motivated to intervene in the present action to avoid the collateral estoppel bar that foreclosed the plaintiff in
 
 Lewis
 
 v.
 
 County of Sacramento.
 
 If Truck is not allowed to intervene, its potential claim for equitable contribution set forth in the Orange County action will evaporate without Transco and Alpine ever being put to their proof.
 

 Clemmer
 
 v.
 
 Hartford Insurance Co.
 
 (1978) 22 Cal.3d 865 [151 Cal.Rptr. 285, 587 P.2d 1098] held that the “standing of [the insurance company] to
 
 *349
 
 move to set aside the default judgment which it might otherwise be required to satisfy is therefore clear.”
 
 (Id.
 
 at p. 886.) In
 
 Nasongkhla
 
 v.
 
 Gonzalez
 
 (1994) 29 Cal.App.4th Supp. 1 [34 Cal.Rptr.2d 379], State Farm Mutual Automobile Insurance Company was allowed to intervene in an action against its insured where the insured defaulted. One of the reasons for permitting intervention was that “it would be plaintiff’s burden to prove liability and damages. If State Farm is required to defend itself against a judgment in plaintiff’s favor, the burden will be on State Farm to prove that any breach of the cooperation clause resulted in prejudice to the insurer. [Citation.] This means an insurer ‘must establish at the very least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would have found in the insured’s favor.’ [Citation.] Thus, the burden of proof would be reversed if State Farm is not permitted to intervene.” (29 Cal.App.4th at pp. Supp. 4-5.) Although
 
 Clemmer
 
 and
 
 Nasongkhla
 
 involve the insurer’s right to defend third party claims, the analysis is applicable to the present matter, if not more so. Here, Truck’s interest is the preservation of a potential primary right to seek equitable contribution from coinsurers of RCS. If an insurer may intervene to defend against the claims of third parties, there is no rational reason to preclude intervention by one insurer to protect its potential claim for equitable contribution from other insurers of a common insured.
 

 If Truck is not permitted to intervene, it will have no opportunity to prove that Transco and Alpine are coinsurers of RCS. Permitting Truck to intervene and putting Transco and Alpine to their proof will simply bar them from unilaterally obtaining a judicial determination that their policies are rescinded. The intervention certainly will not foreclose the possibility that they will prevail but will force them to prove their case. In other words, there is no apparent injustice in a procedure that simply forecloses Transco’s and Alpine’s chances of “shooting fish in a barrel.” However, if the evidence to support rescission is insufficient, then Truck’s interest in preserving its claim for equitable indemnity would not be lost as it would be if the matter is concluded due to RCS’s default.
 

 RCS’s Suspension
 

 It is undisputed that RCS is suspended for failing to file tax returns. California law prohibits a suspended corporation from appearing to defend itself. (Rev. & Tax. Code, § 23301.) A corporation that fails to pay its corporate franchise tax lacks the capacity to sue and, if sued, to defend.
 
 (Reed
 
 v.
 
 Norman
 
 (1957) 48 Cal.2d 338, 342 [309 P.2d 809].)
 

 If Truck’s claim for intervention is predicated on subrogation to the rights of RCS, it would be prevented from proceeding since it cannot obtain
 
 *350
 
 a position more advantageous than its subrogor. An insurer is subrogated to the rights of its insured when it has paid a loss for which its insured has a right to recover from a third party. However, a subrogated insurer stands in the shoes of the insured and has no greater rights than the insured.
 
 (Allstate Ins. Co.
 
 v.
 
 Loo
 
 (1996) 46 Cal.App.4th 1794, 1799 [54 Cal.Rptr.2d 541].) Therefore, if Truck is merely proposing to “stand in the shoes” of RCS for the purpose of opposing Transco’s and Alpine’s actions to rescind their insurance policies, Truck is hobbled by RCS’s suspension. In short, it could not do what RCS cannot do.
 

 However, the right of equitable contribution is entirely different. Truck, in its capacity as an insurer of RCS, has applied to intervene to protect its own interest to seek equitable contribution from RCS’s other insurers, Transco, and Alpine. “Equitable Contribution: Where several insurers insure the same risk and each insurer is primarily liable for any loss, and one pays the entire loss, the action between them is one for equitable contribution: ‘Where two or more insurance companies fully insure the same loss and one company pays the total loss, that company may force contribution from the others.’
 
 [Pylon
 
 v.
 
 Olympic Ins. Co.
 
 (1969) 271 CA2d 643, 648-649 . . . .]” (Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 1997) 5[9.11, p. 9-3.) The right to equitable contribution arises when one insurer pays a loss for which another would also have an obligation to defend and/or indemnify. In the case of multiple insurers of the same insured and the same risk, each insurer has an independent standing to assert a right for equitable contribution when it has undertaken the defense and/or indemnification of their common insured. This right is not the equivalent of “standing in the shoes” of the insured. Consequently, Truck is not barred by RCS’s disability. Truck has independent standing to preserve its right to claim such contribution as may be available from Transco and Alpine. Truck’s intervention in Transco’s and Alpine’s rescission action is not only prudent, but essential to protect Truck’s potential claim for equitable contribution. Moreover, the scope of the rescission action will not be materially expanded. The focus of the present action will remain the allegedly fraudulent applications for coverage submitted by RCS and Transco’s and Alpine’s reliance thereon. Truck has no standing to expand the issues beyond those raised in Transco’s and Alpine’s second amended complaint, save for affirmative defenses germane to the alleged claims for rescission.
 

 Timeliness
 

 Transco and Alpine contend that Truck’s application is not timely. Even though real parties in interest were on the eve of obtaining a default judgment, their rights have not been materially impaired by any delay
 
 *351
 
 attributable to Truck’s filing of its application to intervene. Assuming that Truck has known about the rescission action since August of 1995 as Transco and Alpine assert, it is not clear how that delay has unjustly impaired their ability to proceed. The fact that real parties in interest failed to serve RCS and lost the advantage of the first default judgment suggests that delay was not fostered entirely by Truck. In any event, timeliness is hardly a reason to bar intervention when a direct interest is demonstrated and the real parties in interest have not shown any prejudice other than being required to prove their case.
 

 Disposition
 

 Let a peremptory writ of mandate issue commanding respondent court to vacate its order of June 20, 1997, in Los Angeles Superior Court case No. BC073728 denying petitioner’s application to intervene and to make and enter a new order granting intervention. Costs are awarded to petitioner.
 

 Hastings, J., and Baron, J., concurred.