[No. B187933. Second Dist., Div. Six. Oct. 5, 2006.]

MARK NOYA et al., Plaintiffs and Respondents, v.
A.W. COULTER TRUCKING et al., Defendants;
ZURICH AMERICAN INSURANCE COMPANY et al., Interveners and
Appellants.

COUNSEL

Greenan, Peffer, Sallander & Lally, Robert L. Sallander, Jr., Robert G. Seeds; Bishop, Barry, Howe, Haney & Ryder, Jonathan Gross and Mark C. Raskoff for Interveners and Appellants.

John F. Hodges; James R. Murphy, Jr., Tana L. Coates; Heather L. Hunt; Law Office of Todd A. Porter and Todd A. Porter for Plaintiffs and Respondents.

OPINION

**COFFEE, J.**—The California Department of Transportation (CalTrans) was sued by several plaintiffs for wrongful death and injuries arising from a traffic collision in the area of a state highway construction project. Zurich American Insurance Company (Zurich) refused a tender of defense by CalTrans. After learning that CalTrans had agreed to a sizable settlement with plaintiffs that included a covenant not to execute and which granted plaintiffs the right to monies that CalTrans might recover on its breach of contract and bad faith claims against Zurich, Zurich filed an ex parte motion to intervene. We affirm the trial court's order denying the intervention request.

## FACTS AND PROCEDURAL HISTORY

CalTrans was supervising a highway modification project on the Cuesta Grade of the 101 freeway, north of San Luis Obispo. Modern Continental Construction Company (Modern) was hired by CalTrans to perform some work on the project. On October 31, 2001, a runaway big rig truck owned by A.W. Coulter Trucking (A.W. Coulter) collided with oncoming traffic as it traveled southbound down the grade. The collision killed two young mothers and the driver of the truck and injured two other people.

In November 2001, plaintiffs Mark Noya et al.[1] filed a wrongful death and personal injury action against CalTrans, Modern and A.W. Coulter. The pleadings alleged that the collision was caused by the lack of an adequate median barrier in the construction zone. Modern was insured under a liability policy issued by Zurich, and an attorney employed by Zurich represented Modern in the lawsuit. CalTrans tendered its defense to Zurich as an additional named insured under Modern's policy. Zurich refused the tender.

---

[1] The plaintiffs in this consolidated case are Mark Noya, individually, and as guardian ad litem for Alexander Noya; Brian Lemons, individually, and as guardian ad litem for Audrianna Lemons; and Amanda Welty.

The parties litigated the case for several years. Plaintiffs settled with A.W. Coulter in 2003 following a mediation. Trial was set for November 2004, but was continued at Modern's request. After additional mediations, plaintiffs reached separate settlements with Modern and CalTrans. The parties reported the case as settled in a final case management conference held on June 15, 2005.

The confidential settlement agreement between plaintiffs and CalTrans provided for a stipulated judgment against CalTrans totaling $29 million. Plaintiffs acknowledged $1,250,000 in partial satisfaction of that judgment and agreed to a covenant not to execute on the remainder. CalTrans agreed that plaintiffs' counsel would represent it in any subsequent action for breach of contract and bad faith against Zurich and that any monies recovered would be paid to plaintiffs.[2] With CalTrans's permission, plaintiffs gave a copy of the confidential agreement to the Zurich attorney representing Modern.

Although it is not clear from the record exactly when or how Zurich learned of the terms of the CalTrans settlement, on September 1, 2005, more than two months after the settlement was reported to the court, Zurich filed an ex parte application to intervene. It advised CalTrans that it would assume its defense under a reservation of rights. The trial court denied the motion as untimely because it was made after the matter had settled and Zurich had failed to show good cause for the delay. The stipulated judgment against CalTrans was entered September 14, 2005. Zurich appeals from the order denying its motion to intervene.

## DISCUSSION

### *Appealability*

■    Plaintiffs argue that the order denying Zurich's ex parte application for intervention was not appealable. We disagree. An order denying a motion to intervene is appealable when it finally and adversely determines the right of the moving party to proceed in the action. (*Jun v. Myers* (2001) 88 Cal.App.4th 117, 122–123 [105 Cal.Rptr.2d 537]; *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1363 [104 Cal.Rptr.2d 183].) Despite the ex parte nature of the motion in this case, plaintiffs filed a response and the trial court ruled on the merits. The order was effectively a judgment against Zurich on its right to intervene and it is appealable as such. (See *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606 [275 Cal.Rptr. 887].)

---

[2] Zurich's motion to augment the record to include the settlement agreement is granted.

*Denial of Motion to Intervene*

Zurich contends the trial court should have granted its motion to intervene because it will be directly and adversely affected by CalTrans's settlement and assignment of rights. It claims it had no reason to seek intervention at an earlier juncture, because to do so would have needlessly interjected insurance coverage issues into the lawsuit. We are not persuaded.

■ Code of Civil Procedure section 387, subdivision (a) provides, "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. . . ." When the proper procedures are followed, the trial court has the discretion to permit a nonparty to intervene in litigation pending between others, provided that (1) the nonparty has a direct and immediate interest in the action; (2) the intervention will not enlarge the issues in the litigation; and (3) the reasons for intervention outweigh any opposition by the parties presently in the action. (*Truck Ins. Exchange v. Superior Court* (1997) 60 Cal.App.4th 342, 346 [70 Cal.Rptr.2d 255].) An order denying intervention is reviewed under the deferential abuse-of-discretion standard. (See *Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386 [100 Cal.Rptr.2d 807].)

■ The trial court did not abuse its discretion when it denied Zurich's application for intervention as untimely. Although no statutory time limit is placed on motions to intervene, it is significant that Zurich took no steps to participate in the litigation until several years had passed and a comprehensive settlement agreement had been reached between CalTrans and plaintiffs. Allowing Zurich to intervene at this late juncture could delay or impede the resolution reached by those parties. Intervention might also interject additional coverage issues into the litigation.

■ Zurich is correct that it has a direct and immediate interest in the lawsuit, because it may ultimately be required to pay the judgment against CalTrans. (See Ins. Code, § 11580; *Reliance Ins. Co v. Superior Court, supra,* 84 Cal.App.4th at p. 386.) But Zurich is in no position to complain about this circumstance when it has consistently denied coverage and refused to provide CalTrans with any defense. When an insurer denies coverage and a defense, the insured is entitled to make a reasonable, noncollusive settlement without the insurer's consent and may seek reimbursement for the settlement amount and for any breaches of the covenant of good faith and fair dealing. (*Hamilton v. Maryland Casualty Co.* (2002) 27 Cal.4th 718, 728 [117 Cal.Rptr.2d 318, 41 P.3d 128]; *Roman v. Unigard Ins. Group* (1994) 26 Cal.App.4th 177, 180, 184 [31 Cal.Rptr.2d 501].) " 'In effect, when the insured tenders the suit, the carrier is receiving its chance to be heard. Having

rejected the opportunity and waived the chance to contest liability, it cannot reach back for due process to void a deal the insured has entered to eliminate personal liability.' " (*Hamilton*, at p. 728.)

Zurich argues that this case is similar to *Reliance Ins. Co. v. Superior Court*, *supra*, 84 Cal.App.4th 383, which concluded that an insurance company was entitled to intervene in a suit brought against a policyholder when the policyholder was unable to appear and defend itself due to the suspension of its corporate status. Denying intervention in *Reliance* could have resulted in a default judgment that the insurance company would have been required to satisfy, giving the insurer a direct interest in the litigation that Zurich claims is similar to its interest in the suit against CalTrans. In *Reliance*, however, the motion for intervention was filed shortly after the initial pleadings by the parties and there was no denial of coverage or reservation of rights. Zurich's position is considerably different.

Zurich also cites *Truck Ins. Exchange v. Superior Court*, *supra*, 60 Cal.App.4th 342, for the proposition that a party's delay should not affect its right to intervention. In *Truck*, a lawsuit against the insured had been pending for two years when the insurer filed a motion to intervene to prevent a default judgment. The court determined it was an abuse of discretion to deny the motion based solely on its untimeliness when the real parties in interest had not shown any prejudice "other than being required to prove their case." (*Id.* at p. 351.) The prejudice is not so limited in this case, where Zurich's intervention could jeopardize a settlement reached by the parties after years of litigation.

In its reply brief, Zurich argues that a reservation of rights does not automatically defeat an insurer's right to intervene, again citing *Truck Ins. Exchange v. Superior Court*, *supra*, 60 Cal.App.4th 342. The case is inapposite on this point because up until the time that intervention was sought, Zurich had refused to provide any defense at all. It was only after a settlement that Zurich wished to oppose was reached that Zurich made an eleventh-hour offer to defend under a reservation of rights.

█ The trial court reasonably concluded that Zurich's reason for intervention did not outweigh the interests of CalTrans and plaintiffs in resolving the claims. Zurich's point that the settlement was not final when it filed its motion for intervention does not require a different result. The case may not have been completely over when intervention was sought, because a motion to approve a minor's compromise was pending, but the prejudice to the parties at that late date would have been substantial. Zurich's agreement to defend CalTrans under a reservation of rights was too little, too late, to justify its intervention as a matter of right.

Zurich complains that plaintiffs lacked standing to challenge its right to intervene because they did not receive an assignment of CalTrans's rights as an additional named insured under Modern's policy and cannot rely on Zurich's failure to defend under that policy as an equitable circumstance militating against intervention. We disagree.

The settlement agreement between CalTrans and plaintiffs does not contain an assignment of rights of CalTrans's claims against Zurich, but it does give plaintiffs the right to receive monies which CalTrans might recover in an action against Zurich. The agreement provides, in relevant part: "H. . . . CALTRANS agrees to permit and allow the attorneys for PLAINTIFFS . . . to represent CALTRANS in any subsequent action for indemnity and contribution against any insurer, insurance company, agent, subsidiary or any other party through whom coverage might have been afforded or provided and against any entity or party who failed to indemnify CALTRANS for any claims or damages resulting from the incident which is the subject of this Action. CALTRANS *further agrees that any monies recovered in any indemnity and contribution action shall be then paid to PLAINTIFFS . . . .* [¶] I. CALTRANS agrees to allow the attorneys for PLAINTIFFS . . . to represent CALTRANS in a subsequent action for bad faith, breach of contract, breach of the covenant of good faith and fair dealing, failure to defend, and any other causes of action which may exist in favor of CALTRANS and against any insurer . . . . CALTRANS further agrees that any monies recovered in the above-described bad faith Actions shall be paid to PLAINTIFFS . . . ."

In addition to this financial interest in the claims that CalTrans may have against Zurich, plaintiffs are parties to the action and have a direct interest in the court's order denying the motion to intervene. And even if we assume that they lack standing to assert equitable claims flowing from the relationship between CalTrans and Zurich, CalTrans is a party to this appeal and clearly has standing to do so. It is of no import that CalTrans failed to file its own respondent's brief. We do not treat that omission as a default, but consider the record and the arguments raised by Zurich to determine whether reversal is required. (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1 [23 Cal.Rptr.3d 273]; see also Cal. Rules of Court, rule 17(a)(2).)

We note that Zurich will not be deprived of an opportunity to contest the amount of the settlement in a subsequent action for bad faith. When an insurance carrier has denied coverage and a defense, "a reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability." (*Isaacson v. California Ins. Guarantee Assn.* (1988) 44 Cal.3d 775, 791 [244 Cal.Rptr. 655, 750 P.2d 297].) In any subsequent suit asserting CalTrans's rights under the Modern

policy, Zurich may challenge the reasonableness of the settlement between CalTrans and plaintiffs and may present evidence to rebut the presumption that the settlement reflected CalTrans's actual amount of liability. (*Id.* at pp. 791–793; *Lamb v. Belt Casualty Co.* (1935) 3 Cal.App.2d 624, 631–632 [40 P.2d 311].)

The judgment is affirmed. Costs are awarded to respondents.

Gilbert, P. J., and Perren, J., concurred.