Filed 5/17/16  Hashemi v. Farahie CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ALI HASHEMI, | D068001 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2014-00004183-CU-MC-CTL) |
| HANS FARAHIE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C Sturgeon, Judge.  Affirmed.

Ali Hashemi, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and appellant Ali Hashemi, a self-represented litigant, appeals from a judgment following a bench trial in which the trial court found he did not timely file his lawsuit and failed to meet his burden of proof.  Defendant Hans Farahie has not filed a respondent's brief.  We do not treat his failure to do so as a default or an admission that the trial court erred but instead consider the record and arguments raised by Hashemi to

determine whether reversal is required. (*Noya v. A.W. Coulter Trucking* (2006) 143 Cal.App.4th 838, 844; see also Cal. Rules of Court, rule 8.220(a)(2).) We conclude Hashemi's appeal lacks an affirmative showing of any error by the superior court, and the deficiencies in his brief warrant forfeiture of his claims. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The bench trial in this matter was not reported, and consequently, there is no reporter's transcript of the hearing. Nor is there a suitable substitute such as an agreed or settled statement. (Cal. Rules of Court, rules 8.134, 8.137.) The sole trial document in the record is the court's April 24, 2015 minute order reflecting its findings after trial and the entry of judgment in Farahie's favor. From this limited record, as well as Hashemi's appellate assertions, we gather that Hashemi's civil complaint involved a claim of damages in which Hashemi contends he paid Farahie to keep his belongings in a storage unit, but Farahie "stole all [his] things and would not return them." After a bench trial, the superior court found Hashemi did not timely file his lawsuit and did not meet his burden of proof.

## DISCUSSION

On appeal, Hashemi purports to argue his case anew, making bare assertions about Farahie's actions and the damage Hashemi purportedly suffered. Hashemi claims he did not timely file his lawsuit because Farahie led him to believe that his belongings were still in the storage unit when Farahie had in fact stolen them.

## I. *Principles of Appellate Review*

As a general rule, "[a] judgment or order of the lower court is *presumed correct* [with] [a]ll intendments and presumptions . . . indulged to support it on matters as to which the record is silent." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)[1]  As the appellant, Hashemi "must be able to affirmatively demonstrate error on the record before the court.  . . .  ' " 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " ' "  (*In re Marriage of Falcone* (2008) 164 Cal.App.4th 814, 822.)  An appellate court is not required to independently search the record for errors (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115) or "consider alleged errors where the appellant merely complains of them without pertinent argument."  (*Strutt v. Ontario Savings & Loan Association* (1972) 28 Cal.App.3d 866, 873.)  Additionally, rule 8.204(a)(1) of the California Rules of Court requires the appellant to "support each point by argument and, if possible, by citation of authority" and "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.  When an appellant fails to raise a point, or asserts it but

---

1     This rule has particular force here, where Hashemi elected to proceed on the clerk's transcript, making this a "judgment roll" appeal.  (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)  "On such an appeal, '[t]he question of the sufficiency of the evidence to support the findings is not open.' "  (*Allen*, at p. 1082.)  Rather, our review is limited to determining whether any error "appears on the face of the record."  (*Ibid*.; see also Cal. Rules of Court, rule 8.163.)

fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

An appellant must tailor arguments to the applicable standard of appellate review. (*People v. Foss* (2007) 155 Cal.App.4th 113, 126; *Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388.) If the appellant fails to do so, the argument "lacks legal force." (*Foss*, at p. 126.)

Finally, "error alone does not warrant reversal. 'It is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result.' [Citation.] ' "The burden is on the appellant, not alone to show error, but to show injury from the error." ' [Citation.] 'Injury is not presumed from error, but injury must appear affirmatively upon the court's examination of the entire record.' [Citation.] 'Only when an error has resulted in a miscarriage of justice will it be deemed to be prejudicial so as to require reversal.' [Citation.] A miscarriage of justice is not found 'unless it appears reasonably probable that, absent the error, the appellant would have obtained a more favorable result.' " (*In re Marriage of Falcone*, *supra*, 164 Cal.App.4th at pp. 822-823.)

The court holds a self-represented litigant to the same restrictive procedural rules as an attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Hashemi's decision to represent himself "is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984; *Nwosu*, at pp. 1246-1247.)

## II. *Analysis*

Hashemi's opening brief fails to meet the above-referenced standards for appellate review. He does not mention the proper standard of review, which can, "in and of itself, be considered a concession of lack of merit," (*James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1021) and he does not provide an adequate record to evaluate his contentions. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Hashemi merely gives an unsupported excuse for why his lawsuit was untimely and rehashes his underlying accusations against Farahie, but supplies no guiding principles or cogent legal analysis for this court to review his claim or assess the trial court's order. Moreover, Hashemi's entire brief lacks a single citation to authority. "If no citation 'is furnished on a particular point, the court may treat it as waived.' " (*Guthrey v. State of California*, *supra*, 63 Cal.App.4th at p. 1115.) We may deem his contentions waived for this reason alone.

When an appeal is on the judgment roll, we must "conclusively presume that the evidence is ample to sustain the findings." (*Ehrler v. Ehrler*, *supra*, 126 Cal.App.3d at p. 154.) Hashemi's bare assertions fail to affirmatively demonstrate any error to overcome the presumption of correctness afforded to the superior court's judgment. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.)

5

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.