Filed 11/30/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA et al., | C085753 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201600199479CUBCGDS) |
| v. | |
| ENGEL INSULATION, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, David I. Brown, Judge. Affirmed.

The Aguilera Law Group, A. Eric Aguilera, Raymond E. Brown, and Angela A. Zanin for Plaintiffs and Appellants.

Hollingshead & Associates, Timothy C. McNeill, and Robert N. Paige for Defendant and Respondent.

Plaintiffs Travelers Property Casualty Company of America, the Travelers Indemnity Company of Connecticut, and St. Paul Fire and Marine Insurance Company

1

(collectively, Travelers) filed this action against certain subcontractors to recover attorneys' fees and costs Travelers incurred in defending developers Westlake Villas, LLC and Meer Capital Partners, LLC (collectively, Westlake) in a prior construction defect action. All of Travelers claims are based on alleged subrogation to the rights of its additional insured, Westlake. The Westlake entities are suspended corporations under Revenue and Taxation Code section 23301, and thus could not assert these claims on their own behalf.[1] Defendant Engel Insulation, Inc. moved for judgment on the pleadings on the basis that Travelers is also barred under this statute from prosecuting these claims. On appeal, Travelers contends the trial court erred in granting Engel's motion without leave to amend. We disagree. An insurer may not file its own action to assert claims solely as a subrogee of a suspended corporation. Accordingly, we affirm the judgment.

## I. BACKGROUND

In 2011, a homeowners' association filed the underlying construction defect action against Westlake. Travelers agreed to provide Westlake with a defense based on policies it issued to Rex Moore Electrical Contractors & Engineers, Foremost Superior Marble Co., Inc., Duran & Venables, Inc., and Dura Fence Corporation. Travelers reserved its rights to seek reimbursement of defense costs unrelated to the scope of work of its insureds.

Travelers filed the instant action to recover attorneys' fees and costs it incurred in defending Westlake in the construction defect action. Travelers alleges causes of action for declaratory relief (duty to defend), declaratory relief (apportionment of defense obligations), breach of contract (duty to defend), equitable subrogation, and contractual subrogation against certain subcontractors, including Engel. All of the causes of action

---

[1] Undesignated statutory references are to the Revenue and Taxation Code.

2

arise out of the subcontractors' agreements to defend and indemnify Westlake in their subcontracts.

The trial court granted Engel's motion for judgment on the pleadings without leave to amend. The court explained that, under *Truck Insurance Exchange v. Superior Court* (1997) 60 Cal.App.4th 342 (*Truck*), an insurer is prohibited from asserting and prosecuting the affirmative claims of a suspended corporate insured as subrogee. Additionally, the trial court ruled that, under this court's decision in *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212 (*Kaufman & Broad*), a subsequent amendment to section 19719, subdivision (b) did not remove this bar to Travelers' suit. Judgment was entered accordingly and Travelers timely appealed.

## II. DISCUSSION

### A. *Standard of Review*

" 'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . .' [Citation.] Courts may consider judicially noticeable matters in the motion as well." (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.) "Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion." (*Ott v. Alfa-Laval Agri, Inc.* (1995) 31 Cal.App.4th 1439, 1448.)

### B. *Prosecuting Subrogated Claims for a Suspended Corporation*

Section 23301 provides, in relevant part, "the corporate powers, rights and privileges of a domestic taxpayer may be suspended" if it does not pay its taxes. "The suspension of the corporate powers, rights, and privileges means a suspended corporation cannot sue or defend a lawsuit while its taxes remain unpaid. [Citation.] Once a suspended corporation pays its taxes and obtains a certificate of revivor, however, the

3

corporation may be allowed to carry on the litigation." (*Kaufman & Broad, supra,* 136 Cal.App.4th at pp. 217-218.)

In *Truck*, Truck Insurance Exchange was an insurer of a corporation that was suspended under section 23301, and other insurers filed an action against the insured that sought to rescind their own insurance policies. (*Truck, supra,* 60 Cal.App.4th at pp. 344-345.) The court of appeal held that Truck could intervene in the action to protect its own interest to seek equitable contribution from the other insurers. (*Id.* at p. 350.) Otherwise, Truck would be barred by default judgments against its insured. (*Id.* at p. 348.) "In the case of multiple insurers of the same insured and the same risk, each insurer has an independent standing to assert a right for equitable contribution when it has undertaken the defense and/or indemnification of their common insured. This right is not the equivalent of 'standing in the shoes' of the insured. Consequently, Truck is not barred by [its insured]'s disability." (*Id.* at p. 350.) The court explained that permitting Truck to intervene would not materially expand the scope of the rescission action. (*Ibid.*) "Truck has no standing to expand the issues beyond those raised in [the other insurers'] . . . complaint, save for affirmative defenses germane to the alleged claims for rescission." (*Ibid.*)

In reaching this conclusion, the appellate court also explained that "[i]f Truck's claim for intervention is predicated on subrogation to the rights of [its insured], it would be prevented from proceeding since it cannot obtain a position more advantageous than its subrogor. An insurer is subrogated to the rights of its insured when it has paid a loss for which its insured has a right to recover from a third party. However, a subrogated insurer stands in the shoes of the insured and has no greater rights than the insured. [Citation.] Therefore, if Truck is merely proposing to 'stand in the shoes' of [its insured] for the purpose of opposing [the other insurers'] actions to rescind their insurance policies, Truck is hobbled by [its insured]'s suspension. In short, it could not do what [its insured] cannot do." (*Truck, supra,* 60 Cal.App.4th at pp. 349-350.)

4

Travelers seeks to avoid the application of this portion of *Truck* to its action by dismissing it as dicta. *Truck*, however, is based on hornbook law: "The right of subrogation is purely derivative. An insurer entitled to subrogation is in the same position as an assignee of the insured's claim, and succeeds only to the rights of the insured. The subrogated insurer is said to ' "stand in the shoes" ' of its insured, because it has no greater rights than the insured and is subject to the same defenses assertable against the insured. Thus, an insurer cannot acquire by subrogation anything to which the insured has no rights, and may claim no rights which the insured does not have." (*Fireman's Fund Ins. Co. v. Maryland Casualty Co*. (1998) 65 Cal.App.4th 1279, 1292; accord 16 Couch on Insurance (3d ed. June 2018 Update) § 222:5, pp. 222-18-222-27.) The fact that "it is not true that insurers pursuing subrogation claims stand in the shoes of their insureds *at all times*" (*Western Heritage Ins. Co. v. Superior Court* (2011) 199 Cal.App.4th 1196, 1208, italics added) does not mean that Travelers does not stand in its insured's shoes with respect to whether the suspended corporation is barred from asserting claims at all: "[A]lthough an intervener enjoys the same procedural rights as any other party in litigation, the intervener remains bound to substantive limitations on its recovery imposed by the law of subrogation. . . . [¶] Courts have held a subrogated insurer has no right to recover from a third party who has been released from liability by the insured. [Citations.] Nor may an insurer pursue a subrogation recovery if the insured is itself barred from filing suit. [Citation.] However, these cases merely illustrate the unremarkable proposition that subrogation is available only if the insured has an existing, legally enforceable cause of action against the tortfeasor." (*Low v. Golden Eagle Ins. Co*. (2002) 101 Cal.App.4th 1354, 1362-1363.)

Here, Travelers admits its claims are based on subrogation to the rights of the suspended Westlake. Travelers contends section 19719, subdivision (b) explicitly authorizes its action, and that, to the extent that *Truck* states otherwise, the opinion pre-dates the amendment adding this subdivision. Section 19719 generally provides that

"[a]ny person who attempts or purports to exercise the powers, rights, and privileges of a corporation that has been suspended pursuant to Section 23301 . . . is punishable by a fine of not less than two hundred fifty dollars ($250) and not exceeding one thousand dollars ($1,000), or by imprisonment not exceeding one year, or both fine and imprisonment." (§ 19719, subd. (a).) Travelers relies on the 1998 amendment to this penalty provision that inserted subdivision (b), which provides: "This section shall not apply to any insurer, or to counsel retained by an insurer on behalf of the suspended corporation, who provides a defense for a suspended corporation in a civil action based upon a claim for personal injury, property damage, or economic losses against the suspended corporation, and, in conjunction with this defense, prosecutes subrogation, contribution, or indemnity rights against persons or entities in the name of the suspended corporation." (Stats. 1998, ch. 856, § 2, p. 5411.) Travelers suggests it intervened in the underlying action on Westlake's behalf because of Westlake's suspended corporate status, but Travelers provides no citations to the record or to the allegations in its complaint that support this assertion. Nonetheless, because this case comes to us after the sustaining of a motion for judgment on the pleadings without leave to amend, we will assume this is true because Travelers could theoretically be granted leave to amend to assert these facts.

After the addition of section 19719, subdivision (b), *Reliance Insurance Co. v. Superior Court* (2000) 84 Cal.App.4th 383 (*Reliance*) held that "where the insurer may be subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment in a third party action against the insured, intervention is appropriate."[2] (*Id*. at pp. 386-387.) The court contrasted the

---

[2] Insurance Code section 11580, subdivision (b)(2) provides insurance policies issued in California shall either contain the following provision or shall be construed as if this provision is in the policy: "A provision that whenever judgment is secured against the insured or the executor or administrator of a deceased insured in an action based upon bodily injury, death, or property damage, then an action may be brought against the

6

aforementioned portion of *Truck* discussing how a subrogated insurer stands in the shoes of its insured by explaining that the motion to intervene was not based on subrogation to the rights of the insured and the insurer "sought intervention to protect its own interests in any action brought by the [the plaintiffs] under Insurance Code section 11580." (*Id.* at p. 388.)

In *Kaufman & Broad*, this court held, based on *Reliance*, that "where there is a danger that a judgment will be entered by default, the insurance carrier is entitled to intervene in the underlying case to contest its insured's fault or the available damages." (*Kaufman & Broad., supra,* 136 Cal.App.4th at p. 222.) We also explained that section 19719, subdivision (b), only exempts an insurer of a suspended corporation from criminal penalties. (*Kaufman & Broad., supra,* at p. 220.) "[S]ection 19719 does not generally authorize the insurer to exercise the rights and powers of its corporate insured. This obviously includes the right to sue or defend a lawsuit or even to appear in the lawsuit. . . . Instead, the only manner in which the insurer may exercise those powers is by intervening in the lawsuit under Code of Civil Procedure section 387 and asserting any defenses on behalf of its insured." (*Ibid.*)

Travelers cites no authority permitting an insurer to bring its own action based on the subrogated rights of a suspended corporation under section 19719, subdivision (b), separate from what has been authorized under *Truck*, *Reliance*, or *Kaufman & Broad*.[3] (See, e.g., *Western Heritage Ins. Co. v. Superior Court, supra,* 199 Cal.App.4th at

---

insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."

[3] Travelers's reliance on *El Escorial Owners' Assn. v. DLC Plastering, Inc*. (2007) 154 Cal.App.4th 1337 is unavailing. While that decision stated broadly that "there is an exception for insurers" to the rule that a suspended corporation may not prosecute or defend an action, it did not need to explain or apply any such exception because a revivor had been obtained. (*El Escorial Owners' Assn. v. DLC Plastering, Inc., supra,* at p. 1350.)

7

p. 1208 ["Western Heritage is not here pursuing a subrogation claim.  Western Heritage seeks to defend an action against its procedurally defaulted insured, in order to protect its own interests, which are implicated due to [Insurance Code] section 11580[, subdivision] (b)(2).  Thus, any law relating to subrogation simply does not apply"].)  Nor are we convinced the inability of an insurer to do so renders any portion of section 19719 surplusage.  Section 19719, subdivision (b) is a clear exemption to the penalty provision in subdivision (a).  Thus, it clarifies that an insurer who, properly or improperly, prosecutes a subrogation claim will not be penalized for doing so.  It would appear that Travelers itself may benefit from the provision, thereby illustrating the point.  Moreover, we do not address whether an insurer who has intervened to protect its own rights could, in that context, essentially prosecute the subrogated rights of its suspended insured.  (See *Truck, supra,* 60 Cal.App.4th at p. 350 ["[I]f Truck is *merely* proposing to 'stand in the shoes' of [its insured] for the purpose of opposing [the other insurers'] actions to rescind their insurance policies, Truck is hobbled by [its insured]'s suspension," italics added].)  This too lends value to section 19719, subdivision (b).  Section 19719 does not, however, alter the substantive law regarding subrogation.  Indeed, *Truck* itself makes no mention of section 19719.  *Truck* mentions only section 23301 (*Truck, supra*, at p. 349), which appears in a separate part of the Revenue and Taxation Code and has not undergone any relevant amendments.  Thus, an exception to the penalty provision in section 19719 does not disturb the foundation of *Truck*.  Accordingly, *Truck* is still cited for the proposition that an insurer may not "pursue a subrogation recovery if the insured is itself barred from filing suit." (*Low v. Golden Eagle Ins. Co., supra,* 101 Cal.App.4th at p. 1363, citing *Truck, supra,* at pp. 349-350.)  We decline to alter the settled law on this point.

C.    *No Leave to Amend*

We review the trial court's denial of leave to amend after granting a motion for judgment on the pleadings for abuse of discretion.  (*Ott v. Alfa-Laval Agri, Inc., supra,* 31 Cal.App.4th at p. 1448.)  Travelers relies on the policy that leave to amend be liberally

8

granted. "Nothing in this policy of liberal allowance, however, requires an appellate court to hold that the trial judge has abused his discretion if on appeal the plaintiffs can suggest no legal theory or state of facts which they wish to add by way of amendment." (*HFH, Ltd. v. Superior Court* (1975) 15 Cal.3d 508, 513, fn. 3.)  Here, Travelers argues only that it "could plead that it revived Westlake's corporate status, *if it chose to do so*." (Italics added.)  There is nothing in the record to suggest Westlake's taxes have been paid or a certificate of revivor has been obtained, and Travelers did not raise this possibility or suggest to the trial court that there were any plans to address the status of the Westlake entities as suspended corporations.  Under these circumstances, the court was not compelled to grant an amendment upon the mere speculation that Travelers would somehow thereafter cure Westlake's legal disability in order to pursue litigation.

### III.  DISPOSITION

The judgment is affirmed.  Respondent Engel Insulation, Inc. shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/

_____

RENNER, J.


We concur:


/S/

_____

HULL, Acting P. J.


/S/

_____

MAURO, J.


9