[No. C019445. Third Dist. Aug. 30, 1995.]

NIKIFOROS P. KALFOUNTZOS, Cross-complainant and Appellant, v. HARTFORD FIRE INSURANCE COMPANY, Cross-defendant and Respondent.

**COUNSEL**

John S. Sargetis for Cross-complainant and Appellant.

Kenney, Burd & Markowitz and Mark O. Rorem for Cross-defendant and Respondent.

**OPINION**

**NICHOLSON, Acting P. J.**—A subcontractor on a public works project sued the general contractor for money claimed due. The subcontractor also

sued the surety on the contractor's payment- and stop-notice release bonds. At trial, the subcontractor asserted the surety could not raise the contractor's defenses and setoffs because the contractor was in corporate suspense because of nonpayment of franchise fees and could not defend itself in court. We affirm the trial court's judgment in favor of the surety. A surety, under these circumstances, can assert defenses and setoffs to the underlying obligation, even though the contractor who obtained the bond is disabled legally.

## FACTS AND PROCEDURE

We quote from the trial court's statement of decision those portions relevant to this appeal:

"This action originally arose out of a dispute between R.D. Hart, Inc., (Hart) a general engineering contractor, and Nikiforos Kalfountzos (Kalfountzos), an electrical subcontractor doing business as Engineered Electric (Engineered). Engineered was Hart's electrical subcontractor on a public works construction project (Project) for the benefit of the Sacramento Regional County Sanitation District (District). The Project involved construction of an addition to the District's waste water treatment plant in 1984. Hartford Fire Insurance Co. is a party by reason of several bonds that were issued in connection with the Project.

"Hart was awarded the general contract by competitive bid and in turn accepted Engineered's subcontract bid for electrical work on the Project in the amount of $68,000. Engineered initially refused to sign a subcontract and obtain required bonds. As a consequence Hart obtained another electrical subcontractor Rich Electric to commence the electrical subcontract work. Engineered then protested the Rich Electric contract and after a hearing before a county hearing officer signed the subcontract and obtained the necessary bonds.

"Engineered then commenced work on the Project. As the Project was a public works project, all contractors were required by law to pay their employees prevailing wages established by the California Department of Industrial Relations. Subcontractors were required to submit certified payroll records to demonstrate compliance with the prevailing wage requirements. Engineered refused to submit certified payroll records and Hart in turn refused to pay Engineered. Ultimately after a hearing before a county hearing officer in March 1986, Engineered was removed as a subcontractor from the Project. Because of Engineered's failure to pay prevailing wages, funds were withheld from Hart by the District under the Project and penalties were imposed.

"After Engineered was removed, Hart completed the electrical subcontract work. Hart then filed suit against Engineered for the cost of completing and redoing portions of the electrical work. Engineered cross-complained against Hart and its sureties seeking unpaid progress payments and claims for extra work.

"Hart did not appear at the first trial because it had gone out of business. Its corporate status had been suspended for nonpayment of franchise fees. Hartford, the surety, did appear. However, the trial court entered Hart's default and further ruled that Hartford was bound by the default of its principal Hart. . . . [T]he court ultimately refused to enter judgment for Engineered on the cross-complaint against Hartford. It concluded that the illegality of not paying prevailing wages precluded recovery on the subcontract or in quantum meruit.

"On appeal the trial court was reversed and the matter remanded for further proceedings. [*Kalfountzos* v. *Hartford Fire Ins. Co.* (Mar. 30, 1993) C012438 [nonpub. opn.].] The appellate court found that the trial court erred in ruling that the subcontract was illegal in its entirety. It concluded that the Legislature intended that statutory penalties were the exclusive remedy for the failure to pay prevailing wages. The appellate court declined to decide as premature the 'interesting legal issue' raised by Hartford in a cross-appeal of the trial court's determination that Hartford was bound by the default of Hart.

"On remand the trial judge for the first trial recused himself and the matter was reassigned to this trial department. The initial issue is whether Hartford can defend the action in view of the failure of Hart to appear at trial and Hart's failure to pay its corporate franchise taxes.

"Hartford's liability, if any, is as a surety by reason of the payment and stop notice release bonds that were issued to Hart. As general contractor Hart provided a payment bond to the District for its benefit as well as all subcontractors on the Project."

The trial court decided Hartford could assert Hart's defenses and setoffs. Applying those defenses and setoffs, the court concluded Engineered was not entitled to recover under the subcontract with Hart and that, therefore, Hartford was entitled to judgment against Engineered. Engineered appeals.

## DISCUSSION

 The general rule is that a surety may raise all defenses that would be allowed the principal. (*Flickinger* v. *Swedlow Engineering Co.* (1955) 45

Cal.2d 388, 394 [289 P.2d 214].) The surety must pay on the bond only if the claimant establishes, without reference to the bond, a legal obligation on the part of the principal to pay. (*Lewis & Queen* v. *N. M. Ball Sons* (1957) 48 Cal.2d 141, 155 [308 P.2d 713].)

"The obligation of a surety must be neither larger in amount nor in other respects more burdensome than that of the principal; and if in its terms it exceeds it, it is reducible in proportion to the principal obligation." (Civ. Code, § 2809.) "Therefore, since the liability of a surety is commensurate with that of the principal, where the principal is not liable on the obligation, neither is the guarantor." (*U.S. Leasing Corp.* v. *duPont* (1968) 69 Cal.2d 275, 290 [70 Cal.Rptr. 393, 444 P.2d 65].)

The "obligation," as referred to in Civil Code section 2809 and *U.S. Leasing Corp.*, is the obligation the principal (Hart) originally undertakes as to the creditor (Engineered). Here, the obligation was defined in the subcontract between Hart and Engineered. ██ Since the surety is not liable to the creditor unless liability arises under the obligation, the surety may raise any defenses or setoffs, with respect to the obligation, to reduce or eliminate the amount due on the bond, even though the principal, as here, is precluded from raising those defenses and setoffs because of a legal disability having nothing to do with the validity of the defenses and setoffs. Any other conclusion would provide the creditor with an unjustified windfall.

Citing Civil Code section 2806, Engineered claims Hartford's liability cannot be subject to a condition precedent.[1] While this is true, the defenses and setoffs Hartford seeks to raise are not conditions precedent; they are considerations that must be made in determining the liability of Hart, and thus Hartford, under the obligation.

Engineered also cites Civil Code sections 2807 and 2787 which refer to the surety's liability on the principal's "default."[2] The "default" referred to in those sections, however, is the principal's default on the underlying obligation, not at trial. If the principal did not default on the obligation, taking the obligation, with defenses and setoffs, as a whole, the surety is not liable.

---

[1]Civil Code section 2806 provides: "A suretyship obligation is to be deemed unconditional unless its terms import some condition precedent to the liability of the surety."

[2]Civil Code section 2807 provides: "A surety who has assumed liability for payment or performance is liable to the creditor immediately upon the default of the principal, and without demand or notice."

Civil Code section 2787 provides, in relevant part: "A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another . . . ."

Engineered cites a federal appeals court case and asserts it is binding on us. (*Glens Falls Ins. Co.* v. *Murray Plumbing & Heating Corp.* (9th Cir. 1964) 330 F.2d 800.) It is neither binding nor on point. In *Glens Falls*, an action was initiated in a California court by a materialman to recover from the surety on a stop-notice release bond for a judgment previously obtained against the principal after arbitration. The surety had the action removed to the federal court under diversity jurisdiction. (*Id.* at p. 801.) The district court refused to let the surety relitigate the issue of the principal's liability, concluding the surety was bound by the prior judgment against the principal. (*Id.* at p. 804.) The court of appeals affirmed: "In the absence of fraud or collusion (and none is here charged), [the surety] is bound by the judgment, even though it was not a party or privy to it, or notified of the action." (*Ibid.*)

 We are not bound by the decisions of the federal court of appeals on questions of state law. (See *People* v. *Crittenden* (1994) 9 Cal.4th 83, 120, fn. 3 [36 Cal.Rptr.2d 474, 885 P.2d 887].) In any event, *Glens Falls* is distinguishable. In that case, the principal had the opportunity to raise defenses in the arbitration. Here, there has been no such forum to consider the merits of any defenses Hart may have. Instead, Engineered seeks to avoid those defenses.

 What Engineered seeks to do is to obtain judgment against Hart and Hartford by showing the trial court only part of the contractual and performance picture. It figures it can do this by way of a default hearing to prove damages because of Hart's status as a suspended corporation, even though Hartford stands ready to defend on the obligation and, if need be, perform on the bond. We should not and, under the law as stated above, cannot allow this subversion of the truth-seeking process.

Since the trial court properly allowed Hartford to raise the defenses and setoffs despite Hart's legal disability and absence from the proceedings, we need not consider further the effect of Hart's status as a suspended corporation. Engineered could obtain a judgment against Hartford on the bond only if it could prove liability on the underlying obligation. Confronted with valid defenses and setoffs, it could not prove liability. Hence, given our legal conclusion permitting Hartford to raise the defenses and setoffs, the trial court's judgment must be affirmed.[3]

---

[3]In light of this conclusion, it is unnecessary to consider Hartford's alternative contention that Engineered cannot prevail, even if Hartford is precluded from raising Hart's defenses, because the trial court found Kalfountzos's testimony unbelievable. Since we do not reach this issue, we deny Engineered's postbriefing motion to augment the record to include the reporter's transcript of Kalfountzos's testimony.

## DISPOSITION

The judgment is affirmed.

Raye, J., and Brown, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 21, 1995.