[No. H020411. Sixth Dist. Oct. 25, 2000.]

RELIANCE INSURANCE COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
LARRY WELLS et al., Real Parties in Interest.

COUNSEL

Stone, Rosenblatt & Cha and Gregg S. Garfinkel for Petitioners.

No appearance for Respondent.

Seiler Epstein Ziegler & Applegate and Douglas A. Applegate for Real Parties in Interest.

OPINION

**MIHARA, J.**—Plaintiffs Larry Wells and Doreen Wells (the Wellses) filed the instant action alleging that defendant Campbell Moving & Storage (Campbell) negligently mishandled and/or lost their personal property. Reliance Insurance Company (Reliance) was the insurer for Campbell. Petitioners Reliance and Claimguard, Inc., filed a petition for a writ of mandate directing respondent Superior Court of Santa Clara County to vacate its

order denying Reliance's application for leave to intervene and overruling petitioners' demurrer to the fifth cause of action of the first amended complaint. This court issued an alternative writ, inter alia, commanding respondent court (1) to vacate its order of August 10, 1999, denying Reliance's motion for leave to intervene; or (2) in the alternative, to show cause before this court why a peremptory writ of mandate should not issue compelling respondent court to take the foregoing action. The petition for writ of mandate was denied in all other respects. The Wellses filed a written return to the alternative writ, and Reliance filed a reply to the return. After oral argument was scheduled, the parties advised the court that settlement had been achieved and the trial court action had been dismissed with prejudice. Although it was rendered moot by the settlement, we exercise our discretion to retain this original proceeding and decide the question presented due to its general importance and recurring nature. (*Green v. Superior Court* (1974) 10 Cal.3d 616, 622, fn. 6 [111 Cal.Rptr. 704, 517 P.2d 1168]; *Davies v. Superior Court* (1984) 36 Cal.3d 291, 294 [204 Cal.Rptr. 154, 682 P.2d 349].) We conclude that intervention by an insurer is permitted where the insurer remains liable for any default judgment against the insured, and it has no means other than intervention to litigate liability or damage issues.

## *Factual and Procedural Background*

The Wellses filed a first amended complaint for damages in which they alleged that all of their personal goods, valued in an amount in excess of $2 million, were lost after the goods were stored pursuant to a contract with Campbell. The Wellses named as defendants Campbell, North American Van Lines, Hoyt/Peterson & Co., and Hoyt/Peterson's successor in interest, Claimguard, Inc. The Wellses generally alleged that defendants concealed the loss from the Wellses, and thereby delayed their claim against Campbell until Campbell's debts were discharged in bankruptcy. They also alleged that defendants delayed payment of their claim against the insurance policy issued by Reliance until a reason to deny the claim could be found.

The first amended complaint also included a copy of the insurance policy that Reliance had issued to Campbell. The policy provided in relevant part: "We will pay on your behalf all sums that you are legally obligated to pay as damages because of loss to your customer's property to which this insurance applies that occurs during the policy period from any cause except as excluded." Campbell was the only named insured. The policy also stated that claims could be settled directly by the insurer with the insured's customer.

The Wellses filed a motion to strike Campbell's answer on the ground that Campbell's corporate status had been suspended and thus could not defend

any action against it. In response to the motion to strike, Reliance filed a motion for leave to intervene in the Wellses' action. After the trial court denied the motion, Reliance petitioned for a writ of mandate directing the court to vacate its order.

## Discussion

 Reliance contends that the trial court abused its discretion in denying its motion for leave to intervene in the instant action.

Code of Civil Procedure section 387 sets forth the rules for intervention by a third party in existing litigation. Section 387, subdivision (a) states in relevant part: "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." Section 387, subdivision (b) provides that "if the person seeking intervention claims an interest relating to the property or transaction which is the subject of the action and that person is so situated that the disposition of the action may as a practical matter impair or impede the person's ability to protect that interest, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene."

 Pursuant to section 387 the trial court has discretion to permit a nonparty to intervene where the following factors are met: (1) the proper procedures have been followed; (2) the nonparty has a direct and immediate interest in the action; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any opposition by the parties presently in the action. (*Truck Ins. Exchange v. Superior Court* (1997) 60 Cal.App.4th 342, 346 [70 Cal.Rptr.2d 255].) This court reviews an order denying leave to intervene under the abuse of discretion standard. (*Id.* at p. 345.)

 An insurer's right to intervene in an action against the insured, for personal injury or property damage, arises as a result of Insurance Code section 11580. Section 11580 provides that a judgment creditor may proceed directly against any liability insurance covering the defendant, and obtain satisfaction of the judgment up to the amount of the policy limits. (See Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group) ¶ 15:1028 et seq. (rev. # 1, 1999).) Thus, where the insurer may be subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment in a third party action against the

insured, intervention is appropriate. (*Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 884-885 [151 Cal.Rptr. 285, 587 P.2d 1098].) The insurer may either intervene in that action prior to judgment or move under Code of Civil Procedure section 473 to set aside the default judgment. (22 Cal.3d at pp. 884-885.) Where an insurer has failed to intervene in the underlying action or to move to set aside the default judgment, the insurer is bound by the default judgment. (*Id.* at p. 886.)

Subsequent decisions have held that an insurer may intervene in third party actions against the insured under certain circumstances. In *Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1468 [258 Cal.Rptr. 907], the trial court permitted the insurer to intervene and file a motion to set aside a default judgment in a child molestation case, where the insured defendant was in jail. The reviewing court agreed that intervention was proper, and rejected the plaintiff's reliance on *Kuperstein v. Superior Court* (1988) 204 Cal.App.3d 598 [251 Cal.Rptr: 385]. The *Jade K.* court distinguished its previous decision in *Kuperstein* on two grounds. In *Kuperstein*, the court held that intervention was not proper where the insurer sought to intervene for a declaration that it had no duty to defend or indemnify, thus enlarging the issues raised by the existing parties, and where the insurer and the insured wanted factual issues resolved in different ways. (*Jade K., supra,* 210 Cal.App.3d at p. 1468.) No such issues were present in *Jade K.* and the court followed *Clemmer.* (*Ibid.*)

In *Nasongkhla v. Gonzalez* (1994) 29 Cal.App.4th Supp. 1, 3-4 [34 Cal.Rptr.2d 379], the trial court denied the insurer's motion to intervene in a personal injury action, where the insured defendant could not be found, and a default judgment was entered after the answer was stricken due to the defendant's failure to respond to discovery. The reviewing court reversed, stating, "We are satisfied that under *Clemmer,* unless State Farm is allowed to intervene [and move to set aside the default judgment], it may have no other opportunity to litigate fault or damage issues in any action brought by plaintiff on its judgment under Insurance Code section 11580." (*Ibid.*)

Under *Clemmer, Jade K.,* and *Nasongkhla,* here the trial court abused its discretion in denying Reliance's motion to intervene. Reliance has a direct and immediate interest in the litigation, because it may be required to satisfy any default judgment entered against Campbell. In addition, intervention by Reliance will not enlarge the issues in the case, since Reliance almost certainly will assert the same defenses which would have been asserted by Campbell if Campbell's corporate status had not been suspended.

The Wellses oppose intervention on the ground that an insurer cannot intervene to assert the defenses of a suspended corporation. We disagree.

The state suspends a corporation that does not pay its taxes in order to pressure it to pay, not to penalize an innocent party, such as a corporation's insurer. (*Biggs v. California Ins. Guarantee Assn.* (1981) 126 Cal.App.3d 641, 647 [179 Cal.Rptr. 16]). For example, in the context of construction sureties, the fact that a contractor's corporate status has been suspended does not preclude the surety from raising the contractor's defenses and set-offs. (*Kalfountzos v. Hartford Fire Ins. Co.* (1995) 37 Cal.App.4th 1655, 1660 [44 Cal.Rptr.2d 714].) In *Kalfountzos,* the court found that the contractor's legal disability was irrelevant to any defenses and set-offs, and that "[a]ny other conclusion would provide the creditor with an unjustified windfall." (*Id.* at p. 1659.)

The Wellses' reliance on *Truck Ins. Exchange v. Superior Court, supra,* 60 Cal.App.4th 342, is misplaced. In *Truck,* the insured had been suspended for failure to pay taxes. The court observed that if the insurer's motion for intervention was based on subrogation to the rights of the insured, it would not be entitled to intervene. As the court explained, "[a]n insurer is subrogated to the rights of its insured when it has paid a loss for which its insured has a right to recover from a third party. However, a subrogated insurer stands in the shoes of the insured and has no greater rights than the insured." (*Id.* at p. 350.) In contrast to *Truck,* here Reliance has not paid a loss for which Campbell has a right to recover from the Wellses. Reliance has sought intervention to protect its own interests in any action brought by the Wellses under Insurance Code section 11580.

Moreover, if Reliance does not intervene in the instant case and raise defenses to the Wellses' claims, the Wellses will be able to obtain an unopposed default judgment. The Wellses will then be able to bring a direct action against Reliance for payment of the default judgment to which Reliance is bound because it did not intervene. This result would have the effect of punishing Reliance for something it did not do, since "[i]nsurers have no control over the solvency or corporate viability of their insureds." (*Truck Ins. Exchange v. Superior Court, supra,* 60 Cal.App.4th at p. 347.) It could also result in an unjustified windfall to the Wellses.

Accordingly, we conclude that the trial court abused its discretion in denying Reliance's motion to intervene in the instant action.

*Disposition*

The alternative writ is discharged and the petition is denied as moot. Each party to bear its own costs in this original proceeding.

Bamattre-Manoukian, Acting P. J., and Wunderlich, J., concurred.