Filed 8/21/15  Grail Semiconductor v. Mitsubishi Electric CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| GRAIL SEMICONDUCTOR, INC., | H041454 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 1-07-CV098590) |
| v. | |
| MITSUBISHI ELECTRIC & ELECTRONICS USA, INC., | |
| Defendant and Respondent. | |
| MISHCON DE REYA NEW YORK LLP, | |
| Movant and Appellant. | |

Mishcon de Reya New York LLP (Mishcon), a law firm, appeals from an order denying its motion to intervene in a retrial of damages for breach of a nondisclosure agreement (NDA).  Mishcon contends that it should have been permitted to intervene as of right, pursuant to Code of Civil Procedure section 387, subdivision (b).[1]  We find no error and therefore must affirm the judgment.

*Background*

The action in which Mishcon seeks to intervene was initiated in 2007 by Grail Semiconductor, Inc. (Grail) against Mitsubishi Electric & Electronics USA, Inc. (Mitsubishi).  Grail obtained a jury verdict in its favor, but the trial court determined that

---

[1] All further statutory references are to the Code of Civil Procedure.

the jury had applied the wrong measure of damages, and it therefore granted Mitsubishi's motion for a new trial on that issue. This court affirmed. (See *Grail Semiconductor*, *Inc. v. Mitsubishi Electric & Electronics USA*, *Inc.* (2014) 225 Cal.App.4th 786 (*Grail I*).)

Meanwhile, a patent infringement action was taking place in the United States District Court for the Northern District of California (district court). Grail had sued Renesas Electronics America, Inc. (Renesas) in August 2011 for infringement of its patent for an inductive storage capacitor, U.S. Patent No. 6,642,552, "the '552 patent." Once Grail assigned the patent to the receiver, it lost standing to maintain the patent action, and the receiver was substituted as plaintiff.

Mishcon had represented Grail in the action between August 2010 and July 2011. On July 15, 2011, Mishcon initiated arbitration proceedings in New York to recover unpaid attorney fees and litigation expenses from Grail.[2] Eventually, those parties settled and the United States District Court for the Southern District of New York (New York district court) entered a $2,111,000 judgment for Mishcon. On December 3, 2012 the New York district court appointed a receiver for the purpose of selling the '552 Patent in order to satisfy the judgment against Grail.

In June 2013 the receiver sold the patent to Mishcon for $100. Once Mishcon became the patent owner, Renesas, which had counterclaimed for declaratory relief, sought to join Mishcon as the plaintiff (and as defendant in the counterclaim) so that it

---

[2] None of the parties adheres to the Rules of Court in setting forth the facts underlying the dispute between Mishcon and Grail. Contrary to Grail's apparent belief, citing the appellant's opening brief is not equivalent to citing the record in support of an asserted fact. Both Mitsubishi and Mishcon state facts with either no reference whatsoever to the record or, equally useless, assertions made in arguments to the trial court. It is not this court's obligation to search the record for evidence supporting factual statements. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406; *Yield Dynamics*, *Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) We will disregard any party's statement of the underlying history that is not in compliance with California Rules of Court, rule 8.204(a)(1)(C).

could resist the infringement claims and end the litigation over the '552 patent.[3] Mishcon successfully opposed the joinder motion, claiming lack of personal jurisdiction. It emphasized to the district court that it had never intended to be the permanent owner of the patent or to assert any claim against Renesas; instead, with its "sole interest" being to recover its fees, it intended only to sell the patent. In January 2014 the district court, unwilling to force Mishcon to participate in the patent action, denied Renesas's motion and dismissed the action without prejudice.

On April 17, 2014, Mishcon moved to intervene in the present action between Grail and Mitsubishi, citing section 387. Mishcon attached a complaint in intervention, seeking a declaratory judgment that as the owner of the '552 patent, it was "entitled to an apportionment of any damages awarded to Grail in this Action." Mishcon sought intervention as of right, under subdivision (b) of section 387, arguing that resolution of the action could impair its interest in the '552 patent because the technology at issue in the NDA action encompassed the technology captured in the patent. Consequently, according to Mishcon, it was "entitled to receive at least some portion of the royalty payments Grail is seeking in this Action—a piece of the pie Grail is ultimately awarded. . . . If it is not permitted to intervene in this Action . . . its ability to pursue all remedies arising from misappropriation of the patented technology may be curtailed by the final damage award rendered herein." More specifically addressing this last point, Mishcon suggested that if not permitted to intervene, the damages award would bar Mishcon from recovering damages from Mitsubishi for the diminished value of the patent, or for its loss of royalties under a license. Mishcon added that Grail, which had already resisted Mishcon's fee claim, would not adequately represent Mishcon's interests because "any such advocacy could only lead to a decrease in Grail's potential recovery."

---

**3** The district court noted that Renesas had asked Mishcon to provide a covenant not to sue over the patent, but Mishcon did not respond.

Alternatively, Mishcon urged the court to grant permissive intervention, claiming a direct interest in the action "in that its successful intervention will result in Mishcon obtaining its rightful apportionment damages."

Both Grail and Mitsubishi opposed the motion, which the trial court denied after receiving written and oral argument. The court found intervention unwarranted "because Mishcon has not satisfied the requirements of Code of Civil Procedure section 387." From that order on August 8, 2014, Mishcon timely filed this appeal.

*Discussion*

On appeal, Mishcon renews its claim of a statutory right to intervene under subdivision (b) of section 387 (hereafter section 387(b)), which states: "If any provision of law confers an unconditional right to intervene or if the person seeking intervention claims an interest relating to the property or transaction which is the subject of the action and that person is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by existing parties, the court shall, upon timely application, permit that person to intervene."[4]

Mishcon assumes that this court reviews the order for abuse of discretion. In fact, the standard of review for *mandatory* intervention is unsettled. (Compare, e.g., *Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386 [finding no abuse of discretion under either subdivision of section 387] with *Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 556 [implicitly reviewing denial of intervention de novo and noting similarity of section 387(b) to federal counterpart].) We need not weigh in on this apparent conflict in authority, however, because the issue is not before us; and in any event, the disposition of this appeal is the same under either standard. (See *Siena Court*

---

[4] Mishcon does not return to its reliance on the statutory provision for permissive intervention. (§ 387, subd. (a).)

*Homeowners Assn. v. Green Valley Corp.* (2008) 164 Cal.App.4th 1416, 1425 (*Siena*) [noting cases apparently applying divergent standards of review to section 387(b) rulings but finding denial proper under either standard].)

Mishcon first complains that the trial court used an inapplicable criterion in ruling on the motion. According to Mishcon, the court "explained only that, in its opinion, intervention would enlarge the issues in the case and would not save any time." That is a misstatement of the court's oral ruling. At the conclusion of the hearing, which covered both mandatory and permissive intervention, the court anticipated "so many problems" if it allowed Mishcon in at this late stage of the case, including the undue consumption of time it would cause. The court concluded, "Under the statute, basically for the reasons given by the attorney for Mitsubishi, the reasons in their oral arguments, for the reasons given by Mr. Niro, attorney for Grail, in his oral arguments, and for the papers written by both of those respective parties, I see no reason to allow your intervention. So I'm going to deny your motion to intervene." The written order, as noted earlier, stated that "intervention is not warranted because Mishcon has not satisfied the requirements of Code of Civil Procedure section 387." Needless to say, Mishcon's misrepresentation of the ruling below does nothing to advance its position on appeal.

Mishcon's central argument on appeal is directed at the statutory criteria for mandatory intervention, particularly the requirement that the proposed intervener claim "an interest relating to the property or transaction which is the subject of the action." (§ 387(b).) Mishcon contends that its ownership of the '552 patent gives it a "*direct* pecuniary interest in the property at issue" in the Grail-Mitsubishi action, which will give it the right to receive "at least some portion of the royalty payments Grail will be awarded."

Mishcon's ownership of the patent, however, does not meet the test for mandatory intervention under section 387(b). The subject of the retrial is the amount of damages Grail should recover for Mitsubishi's disclosure of Grail's proprietary information to

5

Renesas in violation of the NDA. At issue during the original trial were 16 items of confidential information which Grail claimed to have been improperly disclosed. (*Grail I*, *supra*, 225 Cal.App.4th at p. 790.) That confidential information, as defined in the NDA, excluded information "that is now or becomes generally available to the public other than as a result of disclosure by Investor or a person or entity to who [*sic*] Investor provided INFORMATION. . . ." A patent contains information generally available to the public and thus is not within the scope of the confidential information; hence, Grail and Mitsubishi arguably will not be litigating any rights attributable to Mishcon's patent ownership.

Even assuming a significant part of that confidential information consists of the contents of the patent application, Mishcon has not shown that whatever damages Grail recovers will affect Mishcon's rights in its patent. Its asserted "pecuniary interest" in the patented technology will not suffice; Mishcon must also show that "the disposition of the action in its absence will impair or impede its ability to protect that interest." (*Siena, supra*, 164 Cal.App.4th at p. 1425, citing § 387(b).) Mishcon's only protectable interest is in any infringement of its patent, which must be litigated in federal court. (28 U.S.C. § 1338, subd. (a); compare *Landmark Screens*, *LLC v. Morgan, Lewis & Bockius*, *LLP* (2010) 183 Cal.App.4th 238, 251 [demurrer properly sustained for lack of subject matter jurisdiction] with *Linear Technology Corp. v. Applied Materials, Inc.* (2007) 152 Cal.App.4th 115, 126-127 [federal patent law not implicated in contract claims based on warranty that use of equipment would not result in third party's patent infringement claim].) Accordingly, no actual or potential infringement of the patent will be determined in the retrial. Instead, damages will be recovered for a different wrong, Mitsubishi's breach of the NDA by disclosing the confidential information to Renesas. That award will entail calculation of an amount different in kind and for a period preceding any hypothetical patent infringement.

6

Mishcon's additional position, that it is entitled to receive any royalty payments Grail may receive as part of the damages award, is simply untenable. Mishcon offers nothing to support the premise that Mitsubishi will receive a license to use the patented technology. Mishcon appears to be relying in part on its misrepresentation of this court's opinion in *Grail I*. We did not hold, as Mishcon asserts, that upon retrial "the jury should [] determine[] damages according to the amount [Mitsubishi] would have paid on April 19, 2001 for a lump-sum, fully paid license to use the confidential information." On the contrary, we specifically declined to determine the measure of damages, as it was not material to the issue before us in *Grail I*.[5] Likewise, there is no basis for Mishcon's assertion, even if it were relevant, that Grail has no incentive to pursue the maximum amount of recovery. Thus, the resolution of the damages issue between Grail and Mitsubishi cannot "as a practical matter impair or impede [Mishcon's] ability to protect that interest." (§ 387(b).)

Indeed, any concern Mishcon has that its patent rights can be protected only by intervening in this action appears to be disingenuous in light of its emphatic assertion, in opposition to Renesas's attempt to join it in the patent action, that the claims asserted in the NDA action "are different [from] and independent of the patent claims Grail has asserted [in the patent action]."[6] Mishcon also pointed out that "the allegations of the Complaint in this [patent infringement] action are largely founded upon events that occurred long before Mishcon and Grail had any relationship whatsoever." Mishcon thus

---

[5] At the hearing on Mishcon's motion Mitsubishi also misquoted our opinion, but on appeal it has corrected its misrepresentation, recognizing that the quoted statement was the ruling of the trial court.

[6] Seizing on this contradiction, respondents now assert judicial estoppel, contending that Mishcon should not be permitted to contradict its position in the patent action by now claiming a "*direct* pecuniary interest in the property at issue." It is unnecessary to reach this argument, as Mishcon's efforts fail on the merits of its argument on appeal.

had the opportunity to pursue an infringement claim against Renesas but declined, representing to the court that it "never intended to remain the permanent owner of the '552 patent nor take over litigation of this action."

We must conclude, therefore, that Mishcon has failed to show that it had a statutory right to intervene in this state action.  Its patent interest is not the subject of the litigation between Grail and Mitsubishi, nor is that interest likely to be impaired by the Grail's recovery of damages for Mitsubishi's breach of the NDA.  The trial court did not err in denying Mishcon's motion to intervene.

## *Disposition*

The order is affirmed.  Respondents are entitled to their costs on appeal.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.



_____

WALSH, J.[*]


[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.