Filed 1/14/16  Williams v. Lee CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PENELOPE WILLIAMS et al., | B264386 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC544915) |
| v. | |
| YOUNG SUN LEE, Defendant; | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Movant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County,

Elia Weinbach, Judge.  Reversed and remanded.

Todd E. Lavin for Plaintiffs and Respondents.

Mark R. Weiner & Associates and Kathryn Albarian for Intervenor and

Appellant, State Farm Mutual Automobile Insurance Company.

## INTRODUCTION

State Farm Mutual Automobile Insurance Company (State Farm) appeals from the trial court's denial of its motion to intervene under Code of Civil Procedure, section 387, subdivision (a),[1] in the personal injury suit pending against its insured, Young Sun Lee. We conclude the court abused its discretion by denying State Farm's motion to intervene and reverse the order with directions to the trial court to allow State Farm to file its complaint in intervention.

## FACTUAL AND PROCEDURAL BACKGROUND

Few facts are necessary to our decision in this case. On May 10, 2012, Penelope Williams and Charles Eugene (plaintiffs) and Young Sun Lee were involved in a car accident. At that time, Lee was insured by State Farm. Plaintiffs' counsel contacted State Farm a few days after the accident to notify State Farm of the accident and plaintiffs' claimed injuries. After an investigation, State Farm denied the claim.

Approximately two years later, on May 6, 2014, plaintiffs filed a lawsuit against Lee. Lee failed to file an answer and plaintiffs took his default, which was entered by the court on July 7, 2014. Neither Lee nor plaintiffs advised State Farm of the pending lawsuit or Lee's subsequent default. No default judgment was ever entered.

On January 25, 2015, State Farm received notice of Lee's default. State Farm immediately contacted plaintiffs' counsel and requested a copy of the proof of service for the complaint and a formal demand with supporting documents. State Farm received the documents from plaintiffs' counsel on February 2, 2015 and subsequently assigned the file to counsel. State Farm's counsel contacted plaintiffs' counsel on February 19, 2015, and requested that plaintiffs voluntarily set aside the default. Plaintiffs refused. No default judgment was entered.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

On March 6, 2015, State Farm filed a motion to intervene in the pending action between plaintiffs and Lee.  The court denied the motion on April 17, 2015.  State Farm timely appeals.[2]

## CONTENTIONS

State Farm contends the trial court abused its discretion by denying its motion to intervene under section 387, subdivision (a).

## DISCUSSION

### 1.    Legal Principles

Section 387 governs intervention by a third party in existing litigation. Section 387, subdivision (a), states in relevant part:  "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding."  (§ 387, subd. (a).)  Under this section, "the trial court has discretion to permit a nonparty to intervene where the following factors are met:  (1) the proper procedures have been followed; (2) the nonparty has a direct and immediate interest in the action; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any opposition by the parties presently in the action." (*Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386 (*Reliance*); *Truck Ins. Exchange v. Superior Court* (1997) 60 Cal.App.4th 342, 346 (*Truck*).)  We review an order denying leave to intervene under the abuse of discretion standard. (*Reliance, supra,* at p. 386.)

An insurer has a direct and immediate interest in an action against its insured. Specifically, "an insurer's right to intervene in an action against the insured, for personal injury or property damage, arises as a result of Insurance Code section 11580." (*Reliance, supra*, 84 Cal.App.4th at p. 386.)  That section allows a judgment creditor to

---

**2**     An order denying a motion to intervene is appealable because it finally and adversely determines the moving party's right to proceed in the action.  (See *Marken v. Santa Monica-Malibu Unified School Dist.* (2012) 202 Cal.App.4th 1250, 1277 (*Marken*).)

proceed directly against any liability insurance covering the defendant and obtain satisfaction of the judgment up to the amount of the policy limits. (Ins. Code, § 11580; *Reliance, supra,* at p. 386.) Because the insurer may be subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment in a third-party action against the insured, intervention is appropriate. (*Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 884-885 (*Clemmer*); *Reliance, supra*, at p. 385 ["[I]ntervention by an insurer is permitted where the insurer remains liable for any default judgment against the insured, and it has no means other than intervention to litigate liability or damage issues"].)

Where its insured defaults, the insurer may either intervene in the action prior to entry of judgment, or it may wait until the default judgment is entered and move to set it aside under section 473. (*Clemmer, supra*, 22 Cal.3d at pp. 884-885; *Western Heritage Ins. Co. v. Superior Court* (2011) 199 Cal.App.4th 1196, 1210 (*Western Heritage*).) Where an insurer fails to intervene in the underlying action or move to set aside the default judgment, the insurer is bound by the default judgment. (*Clemmer, supra*, at p. 886.)

### 2. The Trial Court Abused Its Discretion By Denying State Farm's Motion To Intervene

Here, State Farm has established all of the factors required for intervention under section 387, subdivision (a). First, State Farm filed a valid motion to intervene prior to the entry of judgment, attaching its complaint-in-intervention. (§ 387, subd. (a); see *Western Heritage, supra*, 199 Cal.App.4th at p. 1210 [insurer may intervene prior to entry of default judgment].) Second, as we have explained, State Farm has a direct and immediate interest in the action against its insured. (*Reliance, supra*, 84 Cal.App.4th at p. 386.) Third, as evidenced by the complaint-in-intervention, State Farm intends to assert defenses which could have been asserted by Lee; State Farm does not plan to enlarge the scope of the trial by, for example, introducing coverage issues. (See, e.g., *Kuperstein v. Superior Court* (1988) 204 Cal.App.3d 598, 600-601 [denial of motion to intervene proper where insurer disputed coverage and intervention would necessarily

4

expand the scope of the lawsuit to include issues necessary to determine coverage].) Fourth, State Farm's interest in litigating its insured's liability and causation of plaintiffs' injuries outweighs plaintiffs' interest in obtaining a default judgment. (*Truck, supra*, 60 Cal.App.4th at p. 351 [allowing insurer to intervene after entry of default and despite insurer's delay in bringing motion because "timeliness is hardly a reason to bar intervention when a direct interest is demonstrated and the [plaintiffs] have not shown any prejudice other than being required to prove their case"].)

Notwithstanding that State Farm met all of the factors for intervention under section 387, subdivision (a), the court denied State Farm's motion for intervention because it believed the motion to be untimely. Specifically, it appears the court believed State Farm could not intervene because its motion was filed more than six months after the court entered Lee's default. However, section 387 contains no express time limit as to when a person or corporation may file a motion to intervene; the statute simply states there must be a "timely application." In fact, courts have interpreted this provision to mean that a request to intervene may be submitted at any time prior to entry of judgment, so long as the proposed intervener did not unreasonably delay in bringing the motion to intervene. (See *Allen v. California Water & Tel. Co*. (1947) 31 Cal.2d 104, 108 (*Allen*) ["[I]t is the general rule that a right to intervene should be asserted within a reasonable time and that the intervener must not be guilty of an unreasonable delay after knowledge of the suit"]; *Marken, supra,* 202 Cal.App.4th at p. 1277 [citing *Allen*].) Here, State Farm moved to intervene less than two months after it became aware of the entry of default, which was within a reasonable time. Moreover, State Farm could not have moved to intervene within the six month time limit set by the court, as State Farm did not become aware of Lee's default during that six month period. It was therefore error for the court to reject State Farm's motion as untimely.

Plaintiffs offer two alternative theories in support of the court's order, neither of which is persuasive. Plaintiffs assert State Farm failed to establish it is Lee's insurer, apparently implying that State Farm failed to show it has an interest in the litigation. This contention runs counter to plaintiffs' own actions in this lawsuit, which include

5

contacting State Farm a few days after the accident to assert a claim against Lee's policy, and serving State Farm with a demand package after State Farm became aware of Lee's default. In any event, State Farm's motion to intervene attaches two declarations, one from a State Farm claim representative acknowledging that Lee is State Farm's "insured," and a second from assigned counsel stating Lee was insured by State Farm on the date of the accident and providing a policy number. The court did not err by finding this evidence sufficient to establish that State Farm was Lee's insurer at the time of the accident.

Plaintiffs also maintain State Farm will gain nothing by intervening in the pending action at this stage. More particularly, plaintiffs contend Lee's default is final because six months have passed since its entry, and therefore State Farm cannot successfully move to have the default set aside.[3] Plaintiffs therefore assume they may now obtain an enforceable default judgment against Lee, irrespective of State Farm's intervention. Plaintiffs are wrong. "[A]n insurer intervening in an action to pursue its own interests after its insured has defaulted is not required to move to vacate the insured's default as to itself; the insured's default simply has no effect on the insurer." (*Western Heritage, supra*, 199 Cal.App.4th at p. 1211.) Accordingly, after intervening, the insurer must be permitted to litigate fully both liability and damages because "[t]he entire purpose of the intervention is to permit the insurer to pursue its own interests, which necessarily include the litigation of defenses its insured is procedurally barred from pursuing." (*Id.* at p. 1208.) Furthermore, Lee will have the benefit of factual determinations resolved in his favor during future proceedings. (*Id.* at p. 1211, fn. 21

---

[3]    Although not cited, we presume plaintiffs intended to rely upon section 473, subdivision (b), which provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (Code Civ. Proc., § 473, subd. (b).)

[" '[W]here there are two or more defendants and the liability of one is dependent upon that of the other the default of one of them does not preclude his having the benefit of his codefendants establishing, after a contested hearing, the nonexistence of the controlling fact; in such case the defaulting defendant is entitled to have judgment in his favor along with the successful contesting defendant' "].)  It follows, therefore, that it would be improper for the court to enter a default judgment against Lee while the action remains pending against State Farm.  (*Id.* at p. 1210, fn.18 ["[I]f the action is still pending against a party which may be jointly liable with the defaulting insured, it is improper to enter judgment against the defaulting defendant while the action remains pending against the other defendant"].)

**DISPOSITION**

The order denying the motion for intervention is reversed and the cause is remanded to the court with directions to enter an order allowing State Farm to file its complaint in intervention. State Farm is entitled to receive its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                                  LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.