Filed 1/9/24  Pham v. Seven Points Management CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| TIEN PHAM et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>SEVEN POINTS MANAGEMENT et al.,<br><br>    Defendants and Respondents;<br><br>KEITH DAVIS,<br><br>    Movant and Appellant. | B327127<br><br>(Los Angeles County Super. Ct. No. 20STCV31808) |


APPEAL from an order of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Mara Law Firm, David Mara, Jill Vecchi, and Taylor Getman for Movant and Appellant.

Akerman, Damien P. DeLaney and Brian M. Noh for Defendants and Respondents.

Workplace Rights Law Group, Adam N. Bouayad and Gregory D. Wolflick for Plaintiffs and Respondents.

Appellant Keith Davis appeals from an order denying his motion to file a complaint in intervention in the action Respondent Tien Pham (Pham) filed, asserting, among other causes of action, PAGA and representative class action claims based on alleged Labor Code violations committed by their former employer, Respondents Walnut LLC, 3088 Walnut LLC, Seven Points Management, and/or Cameron Damwijk (collectively "Walnut"). Davis complains that the trial court should have permitted him to intervene because his complaint would not enlarge the issues in the underlying action and because he was uniquely situated to protect the unnamed class members and assist the court in evaluating a proposed settlement reached between Walnut and the Pham plaintiffs. As we explain, the trial did not abuse its discretion in denying Davis's request to intervene because the record supports the trial court's determination that Davis's complaint would enlarge the scope of the underlying action. Thus, the trial court properly denied the motion for leave to file a complaint in intervention, and we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In mid-June 2020, Respondent Pham notified the Labor and Workforce Development Agency (LWDA) of alleged violations of the Private Attorneys General Act of 2004 (PAGA) committed by his former employer, Walnut. After that, in mid-August 2020, Pham, whom Walnut classified as an "independent contractor," filed an action, asserting claims under PAGA for various Labor Code violations against Walnut. (Pham Action) Pham alleged

2

causes of action for (1) Labor Code[1] section 2698 (PAGA) civil penalties for the violations of the Labor Code; (2) misclassification as an independent contractor in violation of section 226.8; (3) failure to pay overtime; (4) meal period violations; (5) rest break violations; (6) failure to provide written notice of certain employment conditions in violation of section 2810.5; (7) wage statement and record-keeping violations; and (8) failure to timely pay wages upon termination.

Nearly a month later, on September 10, 2020, another former Walnut employee, appellant Keith Davis, filed a separate lawsuit against Walnut asserting class and PAGA claims, alleging (1) failure to pay all straight-time wages; (2) failure to pay all overtime wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to adopt a compliant sick pay/paid time off policy; (6) knowing and intentional failure to comply with itemized employee wage statement provisions; (7) failure to reimburse/illegal deductions; (8) violations of the Private Attorneys General Act of 2004; (9) violation of Unfair Competition Law; and (10) waiting time penalties.[2] (the Davis Action) Davis filed his action on behalf of himself and all hourly, non-exempt trimmers, post-harvesters, cultivators, and/or other workers with similar job designations

---

[1] All references to statute are to the Labor Code unless otherwise indicated.

[2] The Pham and Davis have never been related.

and titles who were presently or formerly employed by Walnut in California from September 10, 2016, until September 2020.[3]

Over the next several years, the parties in both actions engaged in discovery, including Requests for Admission, Special Interrogatories, Form Interrogatories, and Requests for Production. In April of 2021, during an informal discovery conference, the parties in Pham's Action litigated whether Pham's PAGA letter to the LWDA encompassed claims for unpaid straight time and overtime wages, meal and rest breaks, and other related claims asserted by Walnut's hourly, non-exempt W-2 employees. After the conference, the trial court found Pham's notice to the LWDA was broad enough to seek penalties as all of Walnut's hourly, non-exempt W-2 employees and its allegedly misclassified independent contractors. The court also ruled that Pham was entitled to discovery as to all those workers.

According to respondents, Walnut produced essentially the same time and pay data to Pham that Walnut had previously produced to Davis, except that the production in the Pham Action was updated with new payroll data. Pham's counsel also requested, and Walnut provided, a sample of contact information so they could speak with other putative class members. (*Id*.) By April 2022, Walnut had produced over 440 pages of document production to Pham. Pham's counsel also interviewed other W-2 employees, including Chasity Bennett, who worked at Walnut for nearly three years (from October 2019 through November 2021).

In September 2021, the parties in the Davis Action participated in a mediation that ended unsuccessfully without an opening demand from Davis's counsel. Davis then sought

---

[3] On June 26, 2020, prior to filing the Davis Action, Davis provided notice of Walnut LLC's PAGA violations to the LWDA.

4

additional discovery, primarily a person most knowledgeable deposition from Walnut and the deposition of a Walnut manager who oversaw non-exempt hourly employees.[4]

In the spring of 2022, Walnut sought to negotiate a settlement in the Pham Action that could resolve the claims in both cases. Walnut and Pham attended a private mediation with a retired Los Angeles Superior Court Judge. As a result of the mediation, Pham and Walnut filed a stipulation to allow Pham to file a First Amended Complaint, adding claims for hourly employees and class claims. The amended complaint identified two subclasses: (1) an "Employee Class" encompassing all non-exempt, hourly, W-2 employees, and naming Chasity Bennett as the class representative for W-2 employees; and (2) all employees, like Pham, allegedly misclassified as independent contractors. It also included the following "Employee Class" definition, in relevant part, "[a]ll non-exempt hourly employees employed in California by Defendants from August 19, 2017, to the present[.]" The FAC included the following causes of action: (1) failure to pay straight time/minimum wages; (2) failure to pay all overtime wages; (3) failure to provide compliant meal periods; (4) failure to provide compliant rest breaks; (5) failure to provide sick pay/leave; (6) failure to provide itemized employee wage statements; (7) failure to reimburse/illegal deductions; (8) waiting time penalties; (9) violation of California's Unfair Competition Law; and (10) a claim for Civil Penalties for Violations of California Labor Code, pursuant to PAGA, § 2698, et seq. (the "Pham FAC Action"),

---

[4] The record does not disclose what evidence was discovered in the deposition.

On October 6, 2022, Pham and Bennett filed a Motion for Preliminary Approval of Class Action/PAGA Settlement. Before the hearing on the motion for preliminary approval, Davis filed a Motion and a Notice of Objection to the Proposed Class and PAGA Settlement and a Motion for Leave to File Complaint in Intervention.

In the Notice of Objection to the proposed settlement, Davis argued that the proposed class action settlement was unfair, unreasonable, and inadequate. Davis complained that the proposed settlement in the Pham FAC Action, which would also settle the same claims as alleged in Davis, represented a "reverse auction"[5] done in secret and without the benefit of the discovery conducted in the Davis Action. Davis also argued that the proposed settlement "is for an amount no one . . . could independently assess as fair, reasonable, and adequate . . . because the Court has been provided with no data that would provide it with any means to assess either the reasonableness of the settlement amount or its relation to the amounts in controversy." He further objected that the LWDA did not receive notice of the Pham's PAGA claims included in the proposed settlement and that the Notice of Pendency of Class Action and Proposed Settlement sent to class members was inadequate. The objection also asserted that the proposed settlement failed to conform with the Los Angeles Superior Court, Complex Civil

---

[5] A "reverse auction" is found when "the defendant in a series of actions picks the [weakest plaintiff] to negotiate a settlement with the hope that the [trial court] will approve a weak settlement that will preclude other claims against the defendant." (*Duran v. Obesity Research Institute, LLC (*2016) 1 Cal.App.5th 635, 643, fn. 4.)

Department Checklist for Preliminary Approval of Class Action Settlement. And finally, Davis questioned whether Chasity Bennett was an adequate representative for hourly, non-exempt employees who worked in other positions such as in the positions of trimmer, post-harvester, or cultivator.

In the motion for Leave to File a Complaint in Intervention, Davis re-asserted his objections to the proposed settlement. Also, he argued that the court should allow him to intervene in the Pham FAC Action because he satisfied the requirements for permissive intervention. He argued that intervention was warranted to protect the interest of the putative class members in the Davis' PAGA and class action, which would be affected by the settlement in the Pham FAC Action. He pointed out that Pham's class claims were added to the First Amended Complaint after the mediated settlement was reached in Pham. Thus, the proposed settlement should be scrutinized to ensure that the class claims have been sufficiently investigated. Davis stated that he sought intervention for the "limited purpose to conduct discovery regarding the parties proposed settlement and [to provide] information that may assist the court in assessing the settlement." He argued that because of the discovery he had conducted on the class issues, he was uniquely positioned to provide the court with information to assist the court. Davis also maintained that allowing him to intervene would not enlarge the issues in Pham's litigation because he was not seeking to add new claims or parties but instead seeking only to address the pending motion to approve the proposed settlement. He further argued that the benefits of the intervention—to assist the court in evaluating the settlement and protect absent class members—outweighed any possible objection to intervention.

7

Pham and Walnut jointly opposed the motion to intervene. They argued that Davis's intervention would not add anything to the case and that their interests and objections outweighed his interest in inserting himself. They pointed out that the parties in the Pham FAC Action had conducted as much discovery as had been done in the Davis Action. They argued that Walnut had produced the same payroll data in the Pham FAC Action as in the Davis Action, and the discovery in the Pham FAC Action was more up-to-date. They also pointed out that the class discovery in the Pham FAC Action commenced before the successful mediation in the Pham FAC Action. Pham and Walnut complained that Davis was trying to hinder and undo the work they had completed before, during, and after the mediation. They further argued that Davis' intervention in the Pham FAC Action was unnecessary because the court could protect the interests of the unnamed class members without Davis' involvement. In addition, Pham and Walnut pointed out that intervention was unnecessary because Davis's concerns and complaints about the proposed settlement could be presented through his objection to the settlement.

In November 2022, after a hearing on the motions for leave to intervene and preliminary approval of the class action/PAGA settlement,[6] the trial court denied the motion to file a complaint

---

[6] Although the minute order from the hearing indicates that the court heard oral argument on the motions, it does not appear the hearing was transcribed nor does the record contain a settled statement describing the hearing.

in intervention.[7]  The court found that the proposed intervention would "enlarge the issues in this litigation for the simple reason that Davis seeks to introduce another class action of his own into this action."  The court also observed:  [b]ecause proposed Intervenor Davis is a member of the class proposed in the Pham First Amended Complaint, he has standing to object to the proposed class settlement."  This appeal followed.

## DISCUSSION

### A.     Governing Statute and Standard of Appellate Review

Code of Civil Procedure section 387, subdivision (a), states, in relevant part:  "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties or an interest against both, may intervene in the action or proceeding."  (Code Civ. Proc., § 387, subd. (a).)  Under Code of Civil Procedure section 387, subdivision (a), the trial court has discretion to permit a nonparty to intervene where the following factors are met:  (1) the proper procedures have been followed; (2) the nonparty has a direct and immediate interest in the action; (3) the intervention will not enlarge the issues in the litigation; and (4) the reasons for the intervention outweigh any

---

[7] The trial court also denied Pham's motion for preliminary approval of the class action/PAGA settlement without prejudice and scheduled a hearing for a renewed motion for a preliminary hearing for January of 2023.  The court also gave Pham an opportunity to file a renewed motion for preliminary approval of the settlement and Davis another opportunity to file an objection to the proposed settlement.

9

opposition by the parties presently in the action. (*South Coast Air Quality Management Dist. v. City of Los Angeles* (2021) 71 Cal.App.5th 314, 319 (*South Coast*), review denied (Feb. 16, 2022); accord, *City & County of San Francisco v. State of California* (2005) 128 Cal.App.4th 1030, 1036 (*San Francisco*); *Reliance Ins. Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386.)  The permissive intervention statute balances the interests of others affected by the judgment against the interests of the original parties in pursuing their litigation unburdened by others. (*San Francisco, supra*, 128 Cal.App.4th at p. 1036); *South Coast, supra,* 71 Cal.App.5th at p. 320, see also *Marken v. Santa Monica-Malibu Unified School Dist.* (2012) 202 Cal.App.4th 1250, 1270, fn. 17 [whether to permit intervention requires a fact-specific inquiry focused on practical considerations].) The trial court has broad discretion to strike this balance.  (*San Francisco, supra*, 128 Cal.App.4th at p. 1036 ["Because the decision whether to allow intervention is best determined based on the particular facts in each case, it is generally left to the sound discretion of the trial court"].)

This court reviews the trial court's decision on whether to grant a request to intervene for abuse of discretion. (*Edwards v. Heartland Payment Systems, Inc.* (2018) 29 Cal.App.5th 725, 736.)  We presume the judgment is correct, affirm if it is correct on any theory, and reverse only if the appellant establishes the decision results in a miscarriage of justice or exceeds the bounds of reason. (*Ibid.; San Francisco, supra,* 128 Cal.App.4th at pp. 1036–1037; *City of Malibu v. California Coastal Com.* (2005) 128 Cal.App.4th 897, 906 (*Malibu*); *South Coast, supra*, 71 Cal.App.5th at p. 321.)  " ' "The burden is on the party complaining to establish an abuse of discretion, and unless a

10

clear case of abuse is shown and unless there has been a miscarriage of justice, a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." [Citations.]' [Citation.]" (*San Francisco, supra,* 128 Cal.App.4th at pp. 1036–1037.)

An appellant bears the burden of overcoming the presumption that a ruling is correct by affirmatively showing error on an adequate record. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137." When there is an inadequate record, we must presume any matters that could have been presented to support the trial court's order were in fact presented, and may affirm the trial court's determination on that basis. (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127 (*Bennet*).) An appellant's failure to present an adequate record will result in the issue being resolved against appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 (*Maria P.*)

"[I]n the absence of a required reporter's transcript and other [relevant] documents, we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 (*Stasz*).)

11

**B.    Analysis**

Davis contends the trial court abused its discretion by denying permissive intervention.  We disagree.

First, Davis fails to present this court with an adequate record to overcome the presumption that the trial court's discretionary ruling denying the motion to intervene was correct.  At the hearing on Davis's motion, the court gave an oral tentative ruling and heard argument from the parties:  that hearing was not transcribed, nor has Davis presented a suitable substitute to a reporter's transcript.  Accordingly, we do not know, for example, whether Davis made statements or concessions that support the trial court's ruling.

Even assuming the adequacy of the record provided, Davis fails to show an abuse of discretion.  In addressing Davis's motion, the trial court denied the motion based on one of the Code of Civil Procedure section 387, subdivision (a) factors — it found Davis's proposed intervention would "enlarge the issues in this litigation" because Davis "seeks to introduce another class action of his own into this action."  Contrary to Davis's contention in his briefing on appeal that his case is entirely duplicative of the claims and classes in the Pham Action and thus does not enlarge the issues in the action, the record supports the trial court's finding.  A comparison of allegations in the Pham FAC and Davis complaints reveals an important difference between the actions in the description of the respective class claims and violations.  Specifically, Davis's complaint alleges Labor Code violations for class members who worked for Walnut commencing in September 2016.  In contrast, Pham's FAC class action class

12

definition only includes violations for those hired *after* August 2017.  Thus, on the face of the pleadings, Davis's Action includes a class with alleged violations excluded from Pham's FAC Action. Permissive intervention may be denied, whereas here, it would " ' . . . "enlarge the scope of the action" or "broaden the issues" . . . to litigate matters not raised by the original parties. [Citation.]' " (*Royal Indemnity Co. v. United Enterprises, Inc.* (2008) 162 Cal.App.4th 194, 204; see also *Sanders v. Pacific Gas & Elec. Co.* (1975) 53 Cal.App.3d 661, 669 [intervention generally not allowed where it will require further evidence].)  Permitting Davis to intervene would add to an already expansive action with multiple plaintiffs, defendants, and significant burdens on the trial court.  (*South Coast, supra*, 71 Cal.App.5th at p. 319 [proper to deny intervention where "[s]eating at th[e] table already [is] crowded."] see *Siena Court Homeowners Assn. v. Green Valley Corp.* (2008) 164 Cal.App.4th 1416, 1429–1430 [court properly denied a request to intervene where intervention would have expanded issues by bringing in claims of third parties].)  Davis conceded his action sought to expand the time period during oral argument in this court.

Therefore, on this record, the trial court did not err in finding that Davis's motion to intervene would enlarge the issues in the Pham FAC Action.  We cannot say the trial court abused its discretion in denying Davis' request for permissive intervention.  (See *Tire Distributors, Inc. v. Cobrae* (2005) 132 Cal.App.4th 538, 544 [even under the abuse of discretion standard "there is still a substantial evidence component," under which the appellate court "defer[s] to the trial court's factual findings so long as they are supported by substantial evidence,

13

and determine[s] whether, under those facts, the court abused its discretion"].)

## DISPOSITION

The order is affirmed. Respondents are awarded costs on appeal.

NOT TO BE PUBLISHED.


                                                MOOR, J.


We concur:


        BAKER, Acting P. J.


        LEE, J.*

---

* Judge of the Superior Court of San Bernardino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.